BATES *et al. v.* MISSISSIPPI INDUSTRIAL GAS CO.

(Division B. April 22, 1935.)

[161 So. 133. No. 31655.]

Price & Price, of Magnolia, and Chalmers Potter, of Jackson, for appellants.

Green, Green & Jackson and **Wells, Wells & Lipscomb,**
all of Jackson, amicus curiae.

Wells, Wells & Lipscomb, of Jackson, and Hugh V. Wall, of Brookhaven, for appellee.

366

**Griffith, J.,** delivered the opinion of the court.

On August 24, 1932, the Mississippi Industrial Gas Company, a domestic corporation, filed, in the chancery court of the county of its domicile, an ex parte petition for the dissolution of the corporation. The petition was joined in by all the stockholders, and averred that the corporation owed no debts so far as known to it, although there were possible obligations which should be propounded. The petition complied in all respects with the provisions of section 4170, Code 1930, governing the subject of voluntary dissolutions of corporations. The chancery court on the same day entered an order appointing a liquidator, and directing the liquidator to give four weeks' public notice to creditors to present their claims on or before October 1, 1932. On January 28, 1933, the liquidator made his final report showing that the publication to creditors had been made, that no claims had been filed, and that all outstanding matters had been settled and concluded, and asking his discharge. On February 3, 1933, the court entered a final decree discharging the liquidator and dissolving the corporation.

On February 13, 1934, appellants filed their separate actions in the circuit court of Pike county against the Mississippi Industrial Gas Company for damages in ac-

tions of tort alleged to have accrued to them on December 11, 1931, as a consequence of a collision, on a public highway in that county, with a truck driven by a servant of the corporation, then and there in and about the business of the said corporation. On March 17, 1934, appellants applied to the chancery court in the matter of the dissolution proceedings, first above mentioned, for permission of the chancery court to prosecute the actions in Pike county, and appellants offered proof to the effect that the alleged injury to them was caused by a "hit and run" driver, and that appellants did not discover until October 24, 1933, that the said driver was an employee of the Mississippi Industrial Gas Company then and there engaged in and about his master's business. The chancellor, upon hearing the application, denied it, and entered an order prohibiting appellants from prosecuting their actions either against the liquidator or the company, from which order or decree appellants have prosecuted this appeal.

Section 4172, Code 1930, in pari materia with section 4170, Code 1930, provides as follows: "On the dissolution of any corporation, either by judgment or otherwise, all its real and personal estate shall be vested in the stockholders therein, in their respective proportions, who shall hold the same as tenants in common. . . . Debts due to and from the corporation shall not be extinguished by its dissolution, but shall be a charge upon its property." By the broad and inclusive terms of the language use in the quoted section, as well as by its close connection with the entire subject in the Code arrangement, this section applies to all dissolutions by whatever manner or means accomplished.

And the term "debts" is also used in its broader sense, so as to include demands founded in tort as well as those in contract; the term is used in that larger sense which "signifies anything for which one is liable or bound to

another, or which may be exacted of one.'' Ætna Ins. Co. v. Robertson, 126 Miss. 387, 406, 88 So. 883, 890. There is no provision in these dissolution statutes for the publication of notice to creditors; and although it is the proper practice, similar to that in receivership, to give the notice in the cases of corporations which have been engaged in any extensive business, it is well settled that a failure of a creditor to file his claim in response to the notice does not result in any canceling or barring it, nor is the effect of the failure similar to that of the bar of the statute of limitations. 16 Fletcher, Private Corporations, p. 545.

Thus the debts against the corporation, including rights of action founded in tort, are preserved unimpaired; and since there can be no debt without a debtor, the express reservation by the quoted statute of such rights implies or carries with it not only the reservation or preservation of a debtor, but also of a reasonable method or means for the enforcement of the rights so preserved. 25 R. C. L., pp. 978-980; 59 C. J., pp. 973, 974; Lewis' Sutherland, Statutory Construction (2 Ed.), sections 504-510. It would not be a reasonable method or means of enforcing such a debt, especially an unliquidated demand or one founded in tort, to require the claimant, as an original step in the procedure, to sue each of the several stockholders to whom the assets have been distributed as a result of the dissolution. This would or might involve as many or nearly as many suits upon the original merits as there were stockholders, and, in foreign jurisdictions, if the stockholders happened to reside beyond the state. And in such suits the amount due might be fixed at entirely different sums in the different suits, and in some of the suits a recovery on the merits might be allowed, and the contrary result reached in others; and such a course of procedure would, in trouble and expense, often result in a practical denial of relief.

It must be considered, therefore, that it was the purpose of the statute to continue the corporation in existence as a debtor so far, and so far only, as relates to the purposes of suit against it for the adjudication of the debt or demand upon its merits, upon which, when judgment has been obtained, the stockholders may be pursued with all the issues fully determined so far as the liability of the corporation was concerned. We hold that this is the available method after dissolution, so-called, and distribution, and continuous until the debts are barred by the statutes of limitation. Compare 14 A. C. J., p. 1202, and see, also, Id., p. 1159.

Although the statute does not so provide or require, we have said that it is the proper practice, as was followed in this case, to appoint a liquidator and to give notice to creditors, in the cases of corporations which have been engaged in any extensive business, although the ex parte petition, joined in by all the stockholders, avers, as was here averred, that there are no debts or claims against the corporation. Often in such cases there are outstanding claims unknown to the corporation, or which it does not consider as a real claim. This is to give claimants the opportunity to come in and make their demands known, so that distribution to stockholders may be deferred, or partially deferred, until all such claims are settled. If, upon notice given to creditors, the creditor fail to file his claim and the dissolution is decreed, the distribution to stockholders is made and the liquidator is finally discharged, the creditor may still sue the corporation as if no dissolution proceedings had ever been instituted, the only disadvantage suffered by the claimant by his failure to file his claim being that after he has obtained his judgment against the corporation he must then pursue the stockholders to whom distribution of the assets has been made, which distribution he could have intercepted had he filed his claim, and had it ad-

judicated either by the chancery court, or, in tort cases, by the proper law court, permission being had of the chancery court to proceed at law.

Here when these actions were filed in Pike county, the entire matter had been concluded in the chancery court and so far as it was concerned, the final decree of dissolution had been entered and the liquidator discharged. The matter was no longer pending in the chancery court, and the liquidator was no longer an officer of that court. It was therefore not necessary for appellants to obtain the permission of the chancery court to sue the corporation, or to prosecute the suits, and it was no longer proper to sue the liquidator at all. Had the chancery court simply made an order dismissing appellants' petition as unnecessary, the order would have been correct, but, as already mentioned, the chancery court entered an order prohibiting appellants from suing either the liquidator or the company. Consequently, the decree must be reversed, and the cause remanded, with directions that a decree be entered in accordance with the principles outlined in this opinion.

Reversed and remanded.