**David NAUGHER, Plaintiff,**

v.

**FOX RIVER TRACTOR COMPANY, Defendant.**

**No. WC 76–103–S.**

United States District Court, N. D. Mississippi, W. D.

Dec. 13, 1977.

William Dean Stark, Starkville, Miss., Grady Tollison, Holcomb, Dunbar, Connell, Merkel & Tollison, Oxford, Miss., for plaintiff.

Wade Lagrone, Mitchell, McNutt & Bush, Tupelo, Miss., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

The action sub judice has been submitted to the court on defendant's motion for summary judgment.

■ The record reflects the following undisputed facts. Defendant manufactured and delivered to its distributor at Tupelo, Mississippi, a Fox River Harvestor "Crop Chopper" (hereafter machine) which on or about July 22, 1966 was sold to plaintiff through a retail dealer at Louisville, Mississippi. The machine was intended to be used in chopping hay and other crops into silage. There was no change in the design of the machine from the time it left the factory and the time the machine was sold to plaintiff, and defendant expected the machine to reach the user without substantial change in the condition in which it was sold. De-

fendant had a duty to exercise reasonable care in the design of the machine to avoid subjecting the user to unreasonable risk of danger. When used as a stationary cutter the exposed feeder chain conveyor and exposed feeder rollers created a danger to the machine operator using it in such manner.

Defendant surrendered its corporate charter and was dissolved under the laws of Wisconsin, the state of its incorporation, on May 3, 1968. Defendant contends that plaintiff may not maintain an action against a dissolved corporation, relying, among other authority, upon 19 C.J.S. Corporations, § 1772; Moore's Federal Practice Vol. 3B, § 25.10, pages 25–451–3, *National Surety Co. v. Cobb,* 66 F.2d 323 (5th Cir. 1933) *cert. denied* (1933) 290 U.S. 692, 54 S.Ct. 127, 78 L.Ed. 595.

Defendant also cites *Rawlings v. Am. Oil Co.,* 173 Miss. 683, 161 So. 851 where the Court held that the common-law rule that dissolution of a corporation meant its death had been changed by Mississippi statute (Code 1930, § 4171), and that a foreign corporation doing business in Mississippi could be sued within the time provided by the statute and its property located within the state subjected to the satisfaction of the claim. The *Rawlings* court said:

> Authorities are ample to support the position that a foreign corporation dissolved and dead in the domicile of its origin may be deemed alive in a foreign state, so far as to afford remedies to its own citizens against property within its own jurisdiction.

We are not here concerned by the manner in which a judgment, if obtained against defendant on a trial of the action, could be satisfied, but only whether defendant can be sued under the circumstances peculiar to this action.

Plaintiff suffered an injury while using the machine on January 25, 1969. This action was commenced January 21, 1975, within the time allowed by the Miss. Code Ann. § 15–1–49 (1972).

Plaintiff relies upon Miss. Code § 79–3–209 to sustain his position that he can sue

the defendant because of its negligence in the design of the machine; although he suffered his injury after defendant's demise.

This section provides that the dissolution of a corporation "shall not take away or impair any remedy available . . . against such corporation, . . . for any right or claim existing, or any liability incurred, prior to such dissolution, . . . if action . . . is commenced within the period of limitation for the commencement of such action."

██ Defendant's contention is that plaintiff's claim did not come into existence prior to dissolution and no liability was incurred by defendant prior to that time. This argument is based upon the fact that plaintiff did not suffer his injury and the right of action did not accrue until after dissolution. The court is not persuaded, however, that the liability of defendant did not have its origin at the time the machine was manufactured and placed on the market.

The court does not adopt the view that the liability of defendant was not incurred until the injury occurred. It seems that the defective manufacture of the machine would create a liability for any injury which might be sustained resulting from the defective manufacture.

The statute is a remedial one and should receive a liberal rather than a strict construction. This rule is applicable in Mississippi as evidenced by the broad and expansive coverage given by the Mississippi Supreme Court to a predecessor statute to one here involved, *Bates v. Mississippi Industrial Gas Co.*, 173 Miss. 361, 161 So. 133.

The court finds that the motion for summary judgment is not well taken and should be overruled.

The appropriate order will be entered.