Brigette THOMAS, Appellant,

v.

VERTIGO, INC. d/b/a Doc's and
Jack Brotten, Appellees,

v.

NUTMEG CORPORATION, a suspended
Oklahoma corporation, Steven Buonau-
to, and Charles Buonauto, Jr., Third
Party Defendants.

No. 82308.

Court of Appeals of Oklahoma,
Division No. 1.

March 7, 1995.

Rehearing Denied May 1, 1995.

Certiorari Denied July 13, 1995.

D. Michael O'Neil, Jr., Oklahoma City, for appellant.

James E. Weger, Jones, Givens, Gotcher & Bogan, P.C., Tulsa, for appellee.

## MEMORANDUM OPINION

JOPLIN, Judge:

Appellant Brigette Thomas (Thomas) seeks review of the trial court's order granting summary judgment to Appellee Jack Brotton (Brotton) in Thomas' action to collect on a judgment. In this appeal, Thomas asserts error of the trial court in holding, as a matter of law, Brotton, as alleged owner and agent of Thomas' now insolvent corporate employer, not personally liable for payment of a judgment on a Workers' Compensation Court award to Thomas. We hold the trial court erred in granting summary judgment to Brotton, reverse the order of the trial court and remand for further proceedings.

Thomas worked at Doc's, a restaurant owned by Vertigo, Inc., of which corporation Brotton owned all stock and served as director and president. Thomas suffered injury in an employment-related accident on December 18, 1988, for which injury Thomas sought and obtained, by default, a workers' compensation judgment in August of 1990 against "Doc's/Vertigo, Inc." However, at the time of injury, Vertigo, Inc. d/b/a Doc's neither maintained workers' compensation insurance nor possessed a valid own risk permit in contravention of 85 O.S.1991 §§ 11, 12 and 61.

At Thomas' request, the Workers' Compensation Court certified the judgment to the District Court. Thomas attempted execution on her judgment, but execution was returned unsatisfied. Subsequent to Thomas' injury, the Oklahoma Secretary of State suspended Vertigo, Inc., and the corporation is apparently defunct. The judgment remains unpaid.

Thomas brought the present action against Brotton to collect on the judgment. Brotton brought a third-party action against Nutmeg Corporation and Steven Buonauto and Charles Buonauto, Jr. (collectively, Defendants) alleging Defendants had purchased Vertigo, Inc. d/b/a Doc's pursuant to an Operational and Sales Agreement allegedly executed prior to Thomas' injury. Defendants denied purchase of the corporation prior to execution of a Contract for Sale of Corporate Stock subsequent to Thomas' injury, and the Contract for Sale included an indemnification provision obligating Defendants to indemnify Brotton on any liability arising as a result of Thomas' workers' compensation claim.

Both Thomas and Brotton filed motions for summary judgment. The trial court granted summary judgment to Brotton on two grounds: First, the trial court found Oklahoma did not recognize an independent cause of action against corporate stockholders, directors, or officers for workers' compensation judgments when the corporate employer failed to maintain workers' compensation coverage at the time of the employee's injury; and second, the trial court found no compelling, overriding reason to depart from existing law which shields stockholders, directors, and officers from personal liability for corporate debts. Thomas filed a motion for new trial based solely on the second issue. The trial court denied the motion, and Thomas appeals.[1]

---

1. On summary judgment, Thomas raised the additional issue that Oklahoma should recognize a distinct cause of action directly against the individual(s) responsible for failure to procure the statutorily required workers' compensation insurance coverage. *See, Samuel v. Baitcher,* 247

■ The United States Supreme Court has recognized the limited liability afforded a corporate entity should be denied under certain circumstances, including:

'[W]hen the sacrifice is so essential to the end that some accepted public policy may be defended or upheld' ... The interposition of a corporation will not be allowed to defeat a legislative policy, *whether that was the aim or only the result of the arrangement.*

*Anderson v. Abbott,* 321 U.S. 349, 362–363, 64 S.Ct. 531, 538, 88 L.Ed. 793 (1944). (Emphasis added). As the Supreme Court more recently held, the corporate form may be disregarded "in the interest of justice where it is used to defeat an overriding public policy." *Bangor Punta Operations, Inc. v. Bangor & Aroostook R. Co.,* 417 U.S. 703, 94 S.Ct. 2578, 41 L.Ed.2d 418 (1974).

■ Oklahoma has long recognized the doctrine of disregarding the corporate entity in certain circumstances, and application of the doctrine is not limited to alter ego cases or cases involving fraud but extends to cases "where the facts require the court to disregard separate existence of the corporation and shareholders in order to protect rights of third persons and accomplish justice." *Sautbine v. Keller,* 423 P.2d 447, 451 (Okla.1967). *See also, CCMS Pub. Co., Inc. v. Dooley-Maloof, Inc.,* 645 F.2d 33 (10th Cir.1981) (courts may disregard corporate entity if used to justify wrong); *Mid–Continent Life Ins. Co. v. Goforth,* 193 Okl. 314, 143 P.2d 154 (1943) (courts may disregard corporate entity to protect the rights of third parties and accomplish justice). As this Court recently observed:

The goal in piercing the corporate veil [i.e., disregarding the corporate entity] is to impute liability for the acts of the corporation to the responsible persons.

*Matter of Estate of Rahill,* 827 P.2d 896 (Okla.App.1991). A recent Colorado Supreme Court opinion well-summarized the principle:

Generally, a corporation is treated as a legal entity separate from its shareholders, thereby permitting shareholders to commit limited capital to the corporation with the assurance that they will have no personal liability for the corporation's debts. When, however, the corporate structure is used so improperly that the continued recognition of the corporation as a separate legal entity would be unfair, the corporate entity may be disregarded and corporate principals held liable for the corporation's actions. Thus if it is shown that shareholders used the corporate entity ... for the purpose of defeating or evading important legislative policy, or in order to perpetrate a fraud or wrong on another, equity will permit the corporate form to be disregarded and will hold the shareholders personally responsible for the corporation's improper actions.

*Micciche v. Billings,* 727 P.2d 367, 372–373 (Colo.1986).

■ The determination of public policy, as articulated by constitutional, statutory or decisional law, presents a matter of purely legal cognizance to the courts. *Pearson v. Hope Lumber & Supply Co., Inc.,* 820 P.2d 443, 444 (Okla.1991). Title 85 O.S.1991 § 11 specifically mandates that *every* employer subject to the provisions of the Workers' Compensation Act shall pay scheduled compensation for an employee's disability resulting from accidental employment-related injury without regard to fault. The liability for such payment "is exclusive and in place of all other liability of the employer ... at common law or otherwise for such injury." 85 O.S. § 12. The *quid pro quo* intent of these provisions is thus self-evident, with the interests of the employer and employee balanced: the employee relinquishes his or her common law right to sue for employment-related injuries and the employer is freed from common law liability by ensuring scheduled payment for those injuries. See, 2A Larson, Workmen's Compensation Law, § 65.10.

Ga. 71, 274 S.E.2d 327 (1981) (recognizing direct action against corporate agent who failed to procure coverage). However, and although Thomas raises the same issue before us in her petition in error, Thomas failed to allege the error in her motion for new trial, and hence that issue stands beyond appellate review. 12 O.S. 1991 § 991(b); Rule 17, Rules for the District Courts, 12 O.S., Ch. 2, App.

■ Moreover, the Workers' Compensation Act specifically contemplates institution of collection proceedings on unpaid workers' compensation awards in the district courts. 85 O.S.1991 § 42. Section 42 of the Act expressly authorizes certification of a Workers' Compensation Court judgment by the Workers' Compensation Court to any district court upon non-payment thereof, and once a certified copy of the award is filed, it "shall have the same force and be subject to the same law as judgments of the district court." That is, the exclusive remedy provision does not bar district court enforcement proceedings of a Workers' Compensation Court judgment.

■ We therefore find the public policy underlying the exclusive remedy provision and expressed in the collection provision of the Act is frustrated if the corporate employer which has failed to ensure compensation as required by law is allowed to circumvent the clear legislative intent of the Act by both violating the Act and using the Act to avoid liability. In the present case, the corporate employer's failure to secure the payment of workers' compensation awards as required by statute stands as the predicate for enforcement of Thomas' workers' compensation judgment, and Thomas seeks *not* to *avoid* the provisions of the Workers' Compensation Act. Rather, Thomas seeks to *compel compliance* with the Workers' Compensation Act by enforcement of her certified Workers' Compensation Court judgment against the president, sole shareholder, and director of a corporation now without assets. Under these circumstances, we find the corporate entity should be disregarded when the failure to do so enables the corporate fiction to be wielded to justify the breach of duty imposed by 85 O.S. § 11, to circumvent the collection provision of § 42, and to defeat the public policy underlying those provisions. Although an extraordinary remedy to be used sparingly, the equitable doctrine of disregarding the corporate entity surely applies to avoid such malfeasance.

■ Finally, Brotton asserts that Oklahoma General Corporations Act, 18 O.S.1991 § 1001 et seq., prohibits Thomas' action. Specifically, Brotton argues the Oklahoma General Corporations Act predicates liability of a corporate officer, director or shareholder *only* on a violation of a provision of the Act under 18 O.S.1991 § 1124. However, § 1003 of the General Corporations Act specifically recognizes "all duties, restrictions, liabilities and penalties imposed or required by and pursuant to laws enacted prior to the adoption or amendment of the Oklahoma General Corporations Act shall not be impaired, diminished or affected." As the statutory duty imposed on a corporate employer to ensure payment of compensation for employment-related injury as provided in 85 O.S. § 11 pre-dates the enactment of the protective provisions of the Oklahoma General Corporations Act, we find this argument without merit.

In this same vein, Brotton also argues § 1124(B) shields shareholders, officers and directors from liability on a corporate debt until a judgment is obtained against the corporation. We find Brotton's reliance on this statute misplaced. Section § 1124(B) merely requires a judgment be obtained and execution thereon returned unsatisfied as a condition precedent to filing suit directly against an officer, director or shareholder for a corporate debt. In the present case, the execution on Thomas' judgment was in fact returned unsatisfied. We therefore reject this argument.

Accordingly, we hold the trial court erred in finding no compelling or overriding reason to disregard the corporate entity under the facts and circumstances of this case, although we express no opinion as to the ownership of the corporation at the time of Thomas' injury or the other issues raised in Brotton's third-party action. Therefore, the order of the trial court granting summary judgment to Brotton should be and hereby is REVERSED, and the cause REMANDED for further proceedings consistent with this opinion.

HANSEN, P.J., and CARL B. JONES, J., concur.