**Timothy L. GOSSMAN, Appellant,**

v.

**GREATLAND DIRECTIONAL DRILLING, INC., an Alaskan Corporation, Appellee.**

**No. S–8310.**

Supreme Court of Alaska.

Feb. 5, 1999.

Steven D. Smith, Law Offices of Steven D. Smith, P.C., Anchorage, for Appellant.

James M. Seedorf and Kimberlee A. Colbo, Hughes, Thorsness, Powell, Huddleston & Bauman, L.L.C., Anchorage, for Anadrill, a Division of Schlumberger Technology Corpo-

ration, successor in interest by asset acquisition to Appellee.

Before MATTHEWS, Chief Justice, COMPTON, EASTAUGH, FABE, and BRYNER, Justices.

## OPINION

FABE, Justice.

## I. INTRODUCTION

In April 1995 Timothy Gossman was injured while working at a storage facility formerly owned by Greatland Directional Drilling, Inc. Gossman sued Greatland for negligence. Greatland, however, had voluntarily dissolved as a corporation in 1993. The superior court dismissed the action, ruling that AS 10.06.678 only permitted a suit against a dissolved corporation when the liability arose prior to dissolution. Because we conclude that AS 10.06.678 permits a suit against a dissolved corporation for an action that accrues following dissolution, we reverse.

## II. FACTS AND PROCEEDINGS

In August 1993 Anadrill, a division of Schlumberger Technology Corporation, acquired almost all of Greatland's assets and assumed Greatland Directional Drilling, Inc.'s corporate interests and liabilities. Greatland then voluntarily dissolved as a corporation and received a certificate of dissolution on October 19, 1993.

As part of its former operations, Greatland stored drill bits in a company-owned facility. In 1984 one of Greatland's employees modified the rack on which the drill bits were kept but allegedly forgot to remount a device that was designed to prevent the drill bits from rolling off the rack. Eleven years later, Gossman, who worked for Anadrill, was injured at the facility when an eight-hundred-pound drill bit fell from the shelf on which it was stored and crushed Gossman's ankle and leg.

In July 1996 Gossman sued Greatland for negligence. Anadrill moved to dismiss on the ground that AS 10.06.678 does not provide for such a suit against a dissolved corporation. The superior court heard oral argu-

ment in April 1997 and dismissed the case. Interpreting AS 10.06.678, which sets forth the limited circumstances in which a corporation may exist after dissolution, the superior court found:

> Permitting suit on liability which did not exist prior to or at the time of the dissolution is contrary to an orderly cessation of a corporate entity. Consequently ... [the statute] permits suit against a dissolved corporation only where the liability was incurred prior to dissolution.

The court then denied Gossman's motion for reconsideration. Gossman appeals.

## III. DISCUSSION

### A. Standard of Review

 This appeal concerns the proper interpretation of Alaska's corporate survival statute. The interpretation of a statute presents a question of law, which we review de novo.[1] We will "adopt the rule of law that is most persuasive in light of precedent, reason, and policy." [2]

### B. AS 10.06.678 Permits Gossman to Sue Greatland.

At common law, corporate dissolution abated *all* litigation to which the corporation was a party.[3] But a survival statute may extend the life of a corporation for litigation purposes.[4]

The Alaska Legislature expressly provided such a survival statute but has amended it substantially since its original enactment. The original survival statute, AS 10.05.594, permitted claims brought within two years after dissolution:

> The dissolution of a corporation ... does not take away or impair a remedy available to or against the corporation, its directors, officers, or shareholders, for a right or claim *existing*, or a liability incurred, *prior*

*to dissolution if an action or other proceeding is commenced within two years after the date of dissolution.* The action or proceeding by or against the corporation may be prosecuted or defend[ed] by the corporation in its corporate name.[5]

In 1988 the legislature replaced AS 10.05.594 with AS 10.06.678: [6]

> *Continued existence of dissolved corporations; purposes; abatement of actions; distribution of omitted assets.* (a) A corporation that is dissolved voluntarily or involuntarily *continues to exist for the purpose of* winding up its affairs, *defending actions against it,* and enabling it to collect and discharge obligations, dispose of and convey its property, and collect and divide its assets. A dissolved corporation does not continue to exist for the purpose of continuing business except so far as necessary for winding up the business.
>
> (b) An action or proceeding to which the corporation is a party does not abate by the dissolution of the corporation or by reason of proceedings for winding up and dissolution of the corporation. A corporation that is dissolved voluntarily or involuntarily may not commence a court action, except [to recover improper distributions made to shareholders during the wind-up process].

(Emphases added.)

We have not had an occasion to interpret AS 10.06.678. Because of the pronounced change in the language of the 1988 survival statute, however, two important questions of interpretation arise in this case: (1) whether a claim must have existed prior to dissolution, and (2) whether a time limit exists for commencing an action.

### 1. AS 10.06.678 permits actions arising after a corporation has dissolved.

---

**1.** *See Aetna Cas. & Sur. Co. v. Marion Equip. Co.,* 894 P.2d 664, 666 (Alaska 1995) (citation omitted).

**2.** *Guin v. Ha,* 591 P.2d 1281, 1284 n. 6 (Alaska 1979).

**3.** *See Penasquitos, Inc. v. Superior Court (Barbee),* 53 Cal.3d 1180, 283 Cal.Rptr. 135, 812 P.2d 154, 156 (1991) (cumulating authority).

**4.** *See, e.g., Hood Bros. Partners, L.P. v. USCO Distrib. Servs., Inc.,* 140 F.3d 1386, 1387–88 (11th Cir.1998).

**5.** Former AS 10.05.594 (emphases added).

**6.** *See* ch. 166, § 6, SLA 1988.

We must decide whether the legislature intended AS 10.06.678 to allow suits against dissolved corporations for actions accruing after dissolution. Although we have never had the opportunity to interpret Alaska's original survival statute on this point, the commonly held view was that such statutes only permitted pre-dissolution tort suits.[7] But the 1988 amendments to Alaska's survival statute eliminated the specific language that a claim must exist prior to dissolution. AS 10.06.678 simply states: "A corporation that is dissolved ... continues to exist for the purpose of ... defending actions against it...."[8] While we no longer apply a rigid plain meaning rule of statutory construction, "[w]here a statute's meaning appears clear and unambiguous ... the party asserting a different meaning bears a correspondingly heavy burden of demonstrating contrary legislative intent."[9]

Greatland contends that the legislature's removal of the limiting language signified a return to the common law rule, under which neither pending nor future actions could be maintained or brought against a dissolved corporation. Gossman argues that because AS 10.06.678 no longer contains such language, a plaintiff can sue a dissolved corporation at any time, regardless of when the action accrued. We address each argument in turn.

Greatland first contends that the legislature intended to eliminate completely the ability to sue a dissolved corporation. The plain text of the statute contradicts this interpretation. Alaska Statute 10.06.678(a) expressly permits a corporation to defend actions against it. Subsection (b) also provides

that "[a]n action or proceeding to which a corporation is a party does not abate by dissolution of the corporation." Thus, the legislature apparently did not intend to revert back to the common law bar to all actions against a dissolved corporation.

Greatland alternatively argues that AS 10.06.678 limits actions against dissolved corporations to those that have accrued prior to dissolution. Although the legislative history of AS 10.06.678 is somewhat scarce, the House and Senate Judiciary Committees did discuss the development of Alaska's survival statute and the considerations that influenced the 1988 amendments.[10]

The legislature enacted the Alaska Corporations Code in 1957 and modeled it after the Oregon Code, which the Oregon legislature took verbatim from the Model Business Corporation Act of 1950 (MBCA).[11] Both the Oregon and Alaska legislatures thus based their survival statutes on MBCA § 98 (1951), later renumbered as MBCA § 105 (1969).[12] Until 1984, courts typically interpreted MBCA § 105 as only allowing suits against corporations for actions arising prior to dissolution.[13] But in 1984 the MBCA was revised. When revamping § 105, the revisors remarked that "[e]arlier versions of the Model Act did not recognize the serious problem created by possible claims that might arise long after the dissolution process was completed...."[14] As a result, revised MBCA § 14.05, replacing § 105, states that corporate dissolution does not "prevent commencement of a proceeding by or against the corporation in its corporate name" or "abate or

---

7. *See Chadwick v. Air Reduction Co.,* 239 F.Supp. 247, 250 (N.D.Ohio 1965); *Green v. Oilwell, Div. of U.S. Steel Corp.,* 767 P.2d 1348, 1350–51 n. 1 (Okla.1989); 3 *Model Bus. Corp. Act Annotated* [hereinafter *MBCA Annotated* ] § 14.07 annot. at 14–66, 67 (3d ed. Supp.1996).

8. AS 10.06.678(a).

9. *University of Alaska v. Tumeo,* 933 P.2d 1147, 1152 (Alaska 1997) (citations omitted).

10. Legislative committee reports are useful in interpreting statutes. *See Wien Air Alaska v. Arant,* 592 P.2d 352, 360 n. 32 (Alaska 1979), *disapproved of on other grounds in Fairbanks*

*North Star Borough Sch. Dist. v. Crider,* 736 P.2d 770 (Alaska 1987).

11. *See* Bill on the Alaska Corporations Code, House and Senate Joint Journal Supp. No. 9 at 1 (1987).

12. *See MBCA Annotated* § 98 (1960).

13. *See Green v. Oilwell, Div. of U.S. Steel Corp.,* 767 P.2d 1348, 1350–51 n. 1 (Okla.1989); 3 *MBCA Annotated* § 14.07 annot. at 14–67 (3d ed. 1996 Supp.).

14. Model Bus. Corp. Act § 14.07 off. cmt. (rev. ed.1994).

suspend a proceeding pending by or against the corporation...." [15]

The Alaska Legislature expressly considered these revisions to the MBCA when amending Alaska's survival statute. For instance, in a letter to Senator Bettye Fahrenkamp, the drafting committee stated that "[t]he initial and final drafts of the [revised MBCA] were carefully reviewed, as well as comments of its reporter" and that HB 322 "continued the strong influence of the original Model Act ... but is now heavily augmented by the work product of the drafters of the [revised MBCA]." [16] Additionally, both the House and Senate Judiciary Committee Files contain working papers that provide a section-by-section analysis of HB 322 and a comparison between the house bill, the old Alaska Business Code, the MBCA, the revised MBCA, as well as similar statutes in Oregon, California, Delaware, New York, and Washington. [17] The official commentary to the proposed 1988 amendment of AS 10.06.678 also noted that "RMBCA 14.05(b) contains similar provisions continuing corporate existence." [18] Thus, the legislative history supports an interpretation of AS 10.06.678 that permits actions arising after

dissolution to be brought against the dissolved corporation.

Next, we look to similar statutes of other jurisdictions, as well as the cases analyzing and applying them, in our process of statutory interpretation. [19] Several states, like Alaska, do not specify when an action against a dissolved corporation must arise or be brought. [20] Only California, however, uses language identical to Alaska's. California's survival statute states that a dissolved corporation exists "for the purpose of ... prosecuting and defending actions by or against it." [21] Therefore, we look to California's interpretation of its statute for guidance.

In *Penasquitos, Inc. v. Superior Court (Barbee)*, [22] the California Supreme Court answered the question that is now before us. *Penasquitos* involved homeowners who sued a dissolved corporation that had improperly graded their housing lots. [23] As in the present appeal, the plaintiffs did not discover the basis for their cause of action until after the corporation had dissolved. [24] Based on the reasoning of the revisors of the MBCA, [25] and a number of older cases interpreting other jurisdictions' survival statutes, [26] the court

---

15. *Id.* at 14.05(b)(5), (6).

16. Bill on the Alaska Corporations Code, House and Senate Joint Journal Supp. No. 9 at 9 (1987).

17. *See The Origins of the Alaska Corporations Code*, House Judiciary Committee File, microfiche 4704–4708, HB 322 (1988) [hereinafter *House Report*]; Revision of the Proposed Alaska Corporations Code, Senate Judiciary Committee file, microfiche 5339–5344, HB 322 (1988) [hereinafter *Senate Report*]; *see also House Report* at preface.

18. Alaska Code Revision Comm'n, *A Section by Section Comparison of the Alaska Corporations Code with the Final Draft of the Revised Model Business Corporations Act* 93 (1984).

19. *See* 2B *Sutherland Stat. Const.* § 52.01 (5th ed.1992).

20. *See, e.g.,* Ga.Code Ann. § 14–4–161 (1998) (dissolution shall not "operate to extinguish any demand or cause of action against it in favor of any person whomsoever, whether arising from contract or tort; nor shall such dissolution work the abatement of any action pending against it"); N.J. Stat. Ann. § 14A:12–9 (West 1997) ("[T]he [dissolved] corporation may sue and be sued in its corporate name and process may issue by and

against the corporation in the same manner as if dissolution had not occurred."); N.Y. Bus. Corp. Law § 1006(a)(4), (b) (McKinney 1986) ("The dissolution of a corporation shall not affect any remedy available to or against such corporation"; "the corporation may sue or be sued in all courts ..."); Ohio Rev.Code Ann. § 1701.88 (Banks–Baldwin 1998) ("Any claim existing or action or proceeding pending by or against the corporation or which would have accrued against it may be prosecuted to judgment....").

21. Cal. Corp.Code § 2010(a) (West 1998).

22. 53 Cal.3d 1180, 283 Cal.Rptr. 135, 812 P.2d 154 (1991).

23. *See id.* at 155, 283 Cal.Rptr. 135.

24. *See id.*

25. *See id.* at 160, 283 Cal.Rptr. 135.

26. *See, e.g., id.* at 159, 283 Cal.Rptr. 135 (quoting *Oliver v. American Motors Corp.*, 616 F.Supp. 714, 717 (D.Va.1985) (holding that under Virginia's survival statute, if corporations could be sued for actions arising during the wind-up period, "it seems logical ... that a corporation should be liable for acts occurring prior to disso-

held that its statute permitted claims accruing after dissolution against a dissolved corporation.[27] The court explained:

> We perceive nothing unreasonable or improbable in a construction that permits enforcement of postdissolution claims against dissolved corporations but not against their shareholders. Deciding what actions may be asserted against dissolved corporations requires a balancing of the interest in compensating just claims against the interest in finality and repose for dissolved corporations. But the interest in repose consists largely, if not entirely, in the shareholders' interest in the prompt distribution and secure possession of the corporation's remaining assets. Once that interest has been protected, it is difficult to discern any other interest of sufficient weight to justify barring a potentially meritorious cause of action asserted within the relevant limitations period.[28]

After consideration of the legislative history and the persuasive reasoning of the *Penasquitos* court, we conclude that AS 10.06.678 allows a plaintiff to sue a dissolved corporation on a cause of action that arises after dissolution. This interpretation also addresses any policy concern that a corporation could avoid known potential liability by arranging for its convenient death. With the

enactment of AS 10.06.678, the Alaska Legislature eliminated any incentive for corporations to attempt such manipulations.

### 2. *AS 10.06.678 Does Not Provide a Statute of Limitations.*

■ The second issue that we must address is whether AS 10.06.678 provides any limitations period within which claims against a dissolved corporation must be brought. The 1988 amendments to AS 10.06.678 explicitly deleted the two-year limitations period that existed under AS 10.05.594. The official comment on AS 10.06.678 also expresses the legislature's intent that a dissolved corporation continue to exist "[f]or an indefinite period of time" in which to wind up and defend actions against it.[29]

Moreover, as discussed above, the legislature considered the provisions of the RMBCA, noting that AS 10.06.678 is similar to RMBCA 14.05(b).[30] Section 14.05, alone, leaves open the possibility that a corporation might be sued for an indefinite period of time after dissolution. To address such concerns, the revisors of RMBCA created §§ 14.06 and 14.07.[31] These sections establish an elective procedure whereby corporations may provide notice to potential claimants that dissolution is to occur and that known and unknown claims must be brought within a certain number of years, usually five.[32] Approximately

---

lution which cause injury subsequent to dissolution")); *id.* at 160, 283 Cal.Rptr. 135 (quoting *Naugher v. Fox River Tractor Co.*, 446 F.Supp. 1281, 1283 (N.D.Miss.1977) (holding that remedial statutes should be interpreted liberally, and that under Ohio's survival statute, corporate liability is established "at the time the machine was manufactured and placed on the market")).

**27.** *See Penasquitos*, 812 P.2d at 162, 283 Cal. Rptr. 135.

**28.** *Id.* at 160, 283 Cal.Rptr. 135 (citation omitted).

**29.** Sectional Analysis of HB 322, House and Senate Joint Journal Supp. No. 9 at 171 (1987).

**30.** *See* Alaska Code Revision Comm'n, *A Section by Section Comparison of the Alaska Corporations Code with the Final Draft of the Revised Model Business Corporations Act* 93 (1984).

**31.** *See* Model Bus. Corp. Act § 14.07 off. cmt. (rev. ed.1994).

**32.** *See id.* at §§ 14.06, 14.07. The annotation to the revised MBCA makes clear that the change from § 105 resulted primarily from the development of product liability doctrine and "other claims that may arise years after the original transaction," which "created a new set of problems that were not satisfactorily addressed by earlier versions of the Model Act." *MBCA Annotated* § 14.07 at 14–67 (3d ed. 1996 Supp.). The official comment to the revised MBCA noted the tension inherent in the older version of the Act:

> The problems raised by this type of litigation are intractable: on the one hand, the application of a mechanical two-year limitation period to a claim for injury that occurs after the period has expired involves obvious injustice to the plaintiff. On the other hand, to permit these suits generally makes it impossible ever to complete the winding up of the corporation, make suitable provision for creditors, and distribute the balance of the corporate assets to shareholders.

Model Bus. Corp. Act § 14.07 off. cmt.; *accord MBCA Annotated,* § 14.07 at 14–65. Section 14.07 was thought "to be a reasonable compro-

thirty states adopted some version of RMBCA §§ 14.05–14.07—many of them incorporating these sections verbatim.[33] But the drafters of AS 10.06.678 chose not to include the limiting sections of the RMBCA. This omission and the legislative comment imply that the Alaska Legislature intended to allow suits against dissolved corporations for an indefinite time.[34]

Greatland argues that such an interpretation will "eviscerate the dissolution procedures" by making it impossible for a corporation to plan for "such a vague and amorphous possibility." But we observe, as did the court in *Penasquitos*,[35] that the interest in "finality and repose for a dissolved corporation" consists primarily in the shareholders' interest in the prompt distribution and secure possession of the corporation's remaining assets.[36] Allowing post-dissolution claims will not affect the shareholders' interest because distribution occurs before dissolution.[37] In fact, to facilitate this distribution, Alaska law requires a corporation to provide for its known liability before voluntary dissolution, either by purchasing liability insurance, setting aside assets, or having a successor assume its liabilities,[38] as Greatland did here.

Moreover, if even a corporation has set aside assets but too much time has lapsed, bringing suit against a dissolved corporation in most cases will often be a pointless exercise, because the corporation will have no assets with which to satisfy a judgment against it.

Most importantly, our legislature has made a policy choice to permit a dissolved corporation to exist for an indefinite period of time in which it may be sued for actions, regardless of when such actions arise. We defer to its judgment.

## IV. CONCLUSION

We conclude that AS 10.06.678 permits a suit against a dissolved corporation even when the action accrues after dissolution. We further hold that § 678 does not impose a statute of limitations on such actions. We therefore REVERSE the superior court's dismissal and REMAND for further proceedings.

mise between the competing considerations of providing a remedy to injured plaintiffs and providing a period of repose after which resolved corporations may distribute remaining assets free of all claims." Model Bus. Corp. Act § 14.07 off. cmt.

33. *See* Ala.Code §§ 10–2B–14.05–.07 (1994) (allowing two years following dissolution in which to bring claims that accrue after dissolution if corporation uses public notice procedure); Ariz. Rev.Stat. Ann. §§ 10–1405 to 1407 (West 1996) (5 years); Ark.Code Ann. §§ 4–27–1405 to 1407 (Michie 1996) (5 years); Colo.Rev.Stat. Ann. §§ 7–114–105 to 108 (West Supp.1997) (5 years); Conn. Gen.Stat. Ann §§ 33–884, –886, –887 (West 1997) (3 years); Fla. Stat. Ann. §§ 607.1405–.1406 (West 1993 & Supp.1998); Ind.Code. Ann. §§ 23–1–45–5 to 23–1–4–7 (Michie 1997) (2 years); Iowa Code Ann. §§ 490.1405–.1407 (West 1991) (5 years); Ky. Rev.Stat. Ann. §§ 271B.14–050 to –070 (Michie 1996) (2 years); Miss.Code Ann. §§ 29–4–14.05 to 14.07 (1996) (5 years); Mo. Ann. Stat. § 351.482 (West 1991 & Supp.1998) (2 years); Mont.Code Ann. §§ 35–1–935 to –937 (1997); Neb.Rev.Stat. §§ 21–20,155 to –20,157 (1997) (5 years); N.H.Rev.Stat. Ann. §§ 293A:14.05–14.07 (Michie Supp.1997) (5 years); N.C. Gen.Stat. §§ 55–14–05 to –07 (1990) (5 years); Or.Rev. Stat. §§ 60.637, .641, .644 (1997) (5 years);

S.C.Code Ann. §§ 33–14–105 to –107 (Law.Coop.1990) (5 years); S.D. Codified Laws §§ 47–7–6.1 & –7.1 (Michie 1991) (no limit); Tenn.Code Ann. §§ 48–24–105 to –107 (1995) (2 years); Utah Code Ann. §§ 16–102–1405 to 1407 (1995) (5 years); Vt. Stat. Ann. tit. 11A §§ 14.05–.07 (1997) (5 years); Va.Code Ann. §§ 13.1–745, 746 (Michie 1993) (unspecified); Wash. Rev.Code. Ann. §§ 23B.14.050, .060 (West 1994) (unspecified); Wis. Stat. Ann. §§ 180.1405 –.1407 (1992) (2 years); Wyo. Stat. Ann. §§ 17–16–1405 to – 1407 (Michie 1997) (4 years).

34. Although we conclude that AS 10.06.678 does not provide a limitations period within which claims against a dissolved corporation must be brought, any post-dissolution claim must still satisfy the applicable statute of limitations in AS 09.10.

35. *See Penasquitos v. Superior Court (Barbee)*, 53 Cal.3d 1180, 283 Cal.Rptr.135, 812 P.2d 154, 160–61 (1991).

36. *Id.* at 160, 283 Cal.Rptr. 135.

37. *See id.* at 160–61, 283 Cal.Rptr. 135.

38. *See* AS 10.06.620(2); AS 10.06.668(1).