1999 OK CIV APP 81

**Glynn SPROLES, Appellant,**

**v.**

**GULFCOR, INC., d/b/a Quality Container Group, Theodore F. Pound, III, and Robert H. Thurmond, III, Appellees.**

**No. 91,450.**

Court of Civil Appeals of Oklahoma, Division No. 2.

June 29, 1999.

Nancy Lloyd, Lloyd & Lloyd, Tulsa, Oklahoma, For Appellant.

Jon Running, Tulsa, Oklahoma, For Appellee.

REIF, J.

¶ 1 This appeal arises from post-judgment proceedings that plaintiff Glynn Sproles pursued to enforce the default judgment he obtained against Gulfcor, Inc. Plaintiff Sproles seeks review of the trial court's order that denied his motion to execute the default judgment against individual shareholders of Gulfcor. Plaintiff Sproles bases his request to pierce the corporate veil on the fact that the judgment he seeks to enforce is a workers' compensation remedy for a serious job-related injury he sustained while working for Gulfcor. Plaintiff Sproles contends that the individual shareholders have personal liability due to neglect or other wrong in not keeping workers' compensation insurance or other security in force. He also believes that the shareholders have personal liability for selling Gulfcor assets and personally retaining the proceeds.

¶ 2 Plaintiff Sproles relies on case law that has recognized (1) an injured employee can enforce a certified workers' compensation court award against corporate shareholders, *Thomas v. Vertigo, Inc.,* 1995 OK CIV APP 45, 900 P.2d 458; and (2) a judgment creditor can pursue an equitable trust on execution against shareholders where corporate assets have been sold and distributed without paying the corporate judgment that is the subject of the execution. *Green v. Oilwell,* 1989 OK 7, 767 P.2d 1348. In denying Plaintiff Sproles' motion to execute against the shareholders in this suit against the corporate entity, the trial court held that this was not a recognized remedy and that individual shareholder liability must be pursued in a separate suit. We disagree and reverse.

 ¶ 3 In *Green,* the supreme court clearly recognized that the issue of shareholder liability for a judgment rendered against their corporate entity can be raised and litigated in post-judgment execution proceedings *in the same suit* that the judgment was rendered against the corporate entity. Contrary to the trial court argument made by the Gulfcor shareholders, a judgment creditor's right to pursue shareholder liability on execution of a judgment against their corporate entity is not limited to cases where the corporate entity has been dissolved. The court in *Green* expressly stated that there was "no rational reason to differentiate between pre-dissolution and post-dissolution claims." *Id.* at ¶ 20, 767 P.2d at 1354.

¶ 4 The *Green* case was concerned with shareholder liability under the equitable trust fund doctrine. The court found "[i]mportant policy considerations" allowed a judgment creditor to pursue individual shareholder liability on execution of the judgment against the corporate entity under this theory. *Id.* at ¶ 18, 767 P.2d at 1353.

¶ 5 The court in *Thomas,* 1995 OK CIV APP 45 at ¶ 10, 900 P.2d at 461, similarly found an important public policy for allowing an injured worker to enforce his workers' compensation remedy against individual shareholders. The court stated that "the public policy underlying the exclusive remedy provision and expressed in the collection provision of the [Workers' Compensation] Act is frustrated if the corporate employer which has failed to ensure compensation as required by law is allowed to circumvent the clear legislative intent of the Act." The court further held that "the corporate employer's failure to secure the payment of workers' compensation awards as required by statute stands as the predicate for enforcement of [the] workers' compensation judgment … against the president, sole shareholder, and director of a corporation now without assets." *Id.*

¶ 6 Another case that reflects Oklahoma's strong policy to enforce workers' compensation benefits is *Rucks–Brandt Construction Corp. v. Silver,* 194 Okla. 324, 151 P.2d 399 (1944). In this case, the supreme court affirmed a personal judgment against the officers and directors of a corporation that was found liable for a certified workers' compensation award. The corporation had been assigned a construction contract and the assets of the company against whom the workers' compensation award had been entered. The court found that "all the funds and property belonging to the debtor company were transferred to the successor corporation upon its

creation with intent to defraud, delay and defeat the plaintiff [workers' compensation recipient]." *Id.* at 402. The court concluded that "[s]uch transfers were void and the individual defendants had full knowledge of the purposes for which such transfers were made and are ... liable to this plaintiff to the extent of funds and property received by them from the corporation." *Id.*

¶ 7 The court also expressly found the evidence was sufficient to show "the defendant company, judgment debtor, was insolvent and that the [individual] defendants are the holders of funds and property in trust and that in equity they are bound to disgorge same and pay same upon the judgment of the plaintiff." *Id.* at 403. In this regard, the court rejected the contention of the individual defendants that the "action could not be maintained against the individual defendants until the defendant company, against which the award was rendered, was dissolved." *Id.* The court concluded that both the corporation and judgment debtor company "no longer exist except upon the files and books of the Secretary of State [and] neither ... is now doing business and both are defunct." *Id.* Given the circumstances of the case, the court had no hesitancy in approving "[j]udgment ... against [the officers and directors] individually for the amount received by them from the company." *Id.*

¶ 8 The *Thomas* case points out that "the Workers' Compensation Act specifically contemplates institution of collection proceedings on unpaid workers' compensation awards in the district courts." 1995 OK CIV APP 45 at ¶ 9, 900 P.2d at 461. The Workers' Compensation Act also "specifically contemplates" that an injured employee "may maintain an action in the courts for damages on account of [the job-related] injury" in cases where the "employer has failed to secure the payment of compensation for his injured employee." 85 O.S.1991 § 12. There is no reason for public policy to recognize shareholder liability in the case of enforcement of a certified award and not similarly recognize such liability in a direct action.

¶ 9 "When determining doubtful issues that arise under the [Workers' Compen-

sation] Act, the necessity of carrying out the underlying public policy must be given great weight." *Lum v. Lee Way Motor Freight, Inc.,* 1987 OK 112, ¶ 26, 757 P.2d 810, 818. "The Act's purpose is to provide protection to workers within the limits established by law." *Id.* (footnote omitted). Accordingly, we hold that in cases like the instant one, where the injured employee has elected his workers' compensation remedy of direct action against his corporate employer, the employee who obtains a judgment against his corporate employer, may raise and litigate shareholder liability on execution for such judgment, under the public policy liability basis expressed in *Thomas.*

¶ 10 Even though direct action against the employer who has failed to secure payment of workers' compensation is a remedy given by the Workers' Compensation Act, direct action can produce a judgment that includes damages or recovery beyond the legislatively-mandated benefits of the Workers' Compensation Act. We believe that the *same* public policy considerations that justify "piercing the corporate veil" and extending liability to the shareholders for workers' compensation benefits operate to limit shareholder liability to the measure of compensation prescribed by the Workers' Compensation Act. Again as noted above: "The Act's purpose is to provide protection to workers *within the limits established by law.*" *Lum,* 1987 OK 112, ¶ 26, 757 P.2d at 818 (footnote omitted)(emphasis added).

¶ 11 In cases where shareholders are faced with public policy liability on execution of a judgment rendered against their corporate entity *in a direct action,* shareholders must be permitted to plead and litigate the measure of compensation that is provided by the Workers' Compensation Act for the injury, impairment/disability, and other losses/expenses covered by workers' compensation, as reflected in the judgment. However, where the plaintiff-judgment creditor is seeking an equitable trust on proceeds of the sale of corporate assets that have passed into the hands of the shareholders, liability exists to extent of funds received by the shareholders.

¶ 12 The trial court erred in denying Plaintiff Sproles' motion to execute judgment against the shareholders of Gulfcor on the ground that the shareholders' liability must be pursued in a separate suit. Whether Plaintiff Sproles can prevail in execution against the shareholders on the basis of workers' compensation public policy to pierce the corporate veil, or through an equitable trust, remains to be seen. The burden is upon Plaintiff Sproles to prove his entitlement upon either or both grounds. However, Plaintiff Sproles must be afforded an opportunity to complete discovery[1] from the shareholders upon whom he has obtained personal service and to conduct further discovery in the event the shareholders before the court may join other shareholders, officers and directors. We agree with the Supreme Court of Colorado that "[i]n the absence of a fully developed factual record and adequate findings of fact [a court] cannot determine whether [an] equitable doctrine [of piercing the corporate veil] should be applied." *Micciche v. Billings,* 727 P.2d 367, 373 (Colo.1986).

¶ 13 REVERSED AND REMANDED.

BOUDREAU, V.C.J., and STUBBLEFIELD, P.J., concur.

1. The docket sheet reflects that Plaintiff Sproles twice sought authority to conduct discovery from the shareholders upon whom he had obtained personal service. His first request was by a formal motion April 3, 1996, and his second request was by oral motion May 23, 1996. The court sustained his oral motion and Plaintiff Sproles issued interrogatories to the shareholders before the court on June 5, 1996. However, the court stayed discovery on July 3, 1996, until after the court ruled on plaintiff's motion to vacate. The court denied the motion to vacate on July 29, 1996, and Plaintiff Sproles undertook efforts to execute on the judgment, including the motion to execute judgment against shareholders filed December 10, 1997. Despite the expiration of the stay on discovery, the shareholders before the court did not answer the interrogatories and Plaintiff Sproles did not pursue a motion to compel their answers. The motion to execute against the shareholders proceeded to hearing on February 23, 1998, without any discovery completed.