HAUGHT et ux. v. CONTINENTAL OIL CO.

No. 30277. April 27, 1943.

*136 P. 2d 691.*

Bishop & Bishop, of Seminole, for plaintiffs in error.

William H. Zwick and A. L. Hull, both of Ponca City, and R. J. Roberts, of Wewoka, for defendant in error.

OSBORN, J. This action was instituted in the superior court of Seminole county on August 3, 1939, by Dan Haught and Hazel Haught, hereinafter referred to as plaintiffs, against the Continental Oil Company, hereinafter referred to as defendant, wherein plaintiffs sought recovery of damages to real property owned by them. It was alleged that defendant, in conducting operations for oil and gas upon the land, had neglected to bury certain pipe lines and other obstructions upon the surface of the land, which had resulted in damage to the real property, and that defendant had also permitted oil, salt water, and other deleterious substances to flow across the surface of the land, resulting in further damage.

It was further alleged that the action had been formerly instituted in the superior court of Seminole county by the plaintiff Dan Haught, on March 10, 1936; that the cause was tried on October 3, 1938, and after plaintiff's evidence had been introduced, defendant demurred on the ground that Hazel Haught was a necessary party to the action; whereupon plaintiff Dan Haught, by permission of court, dismissed the action without prejudice in open court on said date; that the action failed otherwise than upon its merits.

Defendant demurred to plaintiffs' petition on the ground that the cause of action was barred by the statutes of limitation, which were not suspended by the pendency of the former action. The demurrer was sustained. Plaintiffs elected to stand upon the petition, excepted to the ruling of the court, and prosecuted the present appeal to this court.

But one proposition is presented for reversal, and that is that:

"A new action brought on the same cause of action in conjunction with the plaintiff in the original action, if brought within a year therefrom, and if based upon the same cause of action and title, is not barred by the statute of limitations."

12 O. S. 1941 § 100, provides:

"If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the

plaintiff, or, if he die, and the cause of action survive, his representatives may commence a new action within one year after the reversal or failure."

This statute is remedial and should be liberally construed. Meshek v. Cordes, 164 Okla. 40, 22 P. 2d 921.

The rule of liberal construction requires that this provision should be given a construction "so as to cover all cases which may come within its terms by intendment." Claussen v. Amberg, 172 Okla. 197, 44 P. 2d 92, 95; Stevens v. Dill, 142 Okla. 138, 285 P. 845.

Plaintiffs alleged that "they jointly acquired the title to the property . . . and that they were the owners and in actual possession on the 25th day of April, 1931." We have held that where a tract of land has been conveyed in fee to husband and wife, the conveyance indicating no intent to create an estate in joint tenancy, they hold as tenants in common. Hamra v. Fitzpatrick, 55 Okla. 780, 154 P. 665. Under the record before us, plaintiffs are tenants in common of the real property involved herein. Under the provisions of 32 O. S. 1941 § 8, a husband and wife may hold real property as tenants in common.

It is required by 12 O. S. 1941 § 221 that, except as otherwise provided therein, every action must be prosecuted in the name of the real parties in interest.

12 O. S. 1941 § 230 provides:

"All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs, except as otherwise provided in this article."

12 O. S. 1941 § 231 provides:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein."

12 O. S. 1941 § 232 provides:

"Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants; but if the consent of one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason being stated in the petition."

The rule is well established in this jurisdiction that where two parties have a joint interest in property, they must join in an action for injuries to such property. See City of Weatherford v. Rainey, 151 Okla. 183, 3 P. 2d 153; Independent Oil & Gas Co. v. Jackson, 148 Okla. 199, 298 P. 266. In the cases of Stinchcomb v. Patterson, 66 Okla. 80, 167 P. 619, and St. Louis-S. F. Ry. Co. v. Webb, 36 Okla. 235, 128 P. 252, we said that:

"Joint owners of property must unite as plaintiffs *in one action* for an injury thereto or for a conversion thereof."

It is the general rule that a joinder of cotenants is required in actions "for trespasses upon the common land . . . ." 14 Am. Jur., Cotenants, § 98, p. 163.

A defendant has the right to have a cause of action prosecuted against him by all of the real parties in interest. American Surety Co. v. Marsh, 146 Okla. 261, 293 P. 1041; Black v. Donelson, 79 Okla. 299, 193 P. 424.

It thus seems clear that the damages involved herein are recoverable only in a single joint action in which both joint owners of the real property are necessary parties.

Section 100, supra, was construed by the Circuit Court of Appeals of the Eighth Circuit in Midland Oil Co. v. Moore, 2 Fed. 2d 34. It was pointed out that in order that one tort action brought within two years should save a second action brought in one year after the date of the first action, from the bar of the two-year statute of limitation, it was required that the plaintiff in the first action be the plaintiff in the second action and the cause of action in both cases should be the same. It appears that numerous other states have statutes similar in import to section 100, supra, and it is generally held that where a new action is brought after the

failure of a prior suit, the second suit must be based substantially upon the same cause of action and the parties in each suit must be substantially the same. 34 Am. Jur., Limitations of Actions, § 288, p. 232. It is not essential that the plaintiff in both cases should be the same eo nomine, but they must be substantially the same, suing in the same right, as where a second suit is prosecuted by a successor of a trustee or administrator. Meddis v. Wilson, 175 Mo. 126, 74 S. W. 984. See, also, Quelch v. Futch (N.C.) 93 S. E. 899; Hughes v. Brown (Tenn.) 8 L.R.A. 480; Doyle v. Wade, 23 Fla. 90, 1 So. 516; Streeter v. Graham & Norton Co., 263 N. Y. 39, 188 N. E. 150; Luft v. Factory Mutual Liability Ins. Co., 51 R. I. 452, 155 Atl. 526, 83 A.L.R. 745; Murphy v. Board of Supervisors, 205 Iowa, 256, 215 N. W. 744; Colby v. City of Portland, 89 Ore. 566, 174 P. 1159; Annotation, 3 A.L.R. 826.

Defendant argues that although the cause of action in both cases may be the same, the parties are different, and to apply the saving provisions of section 100, supra, in the instant case would result in an unwarranted exception to the specific provisions of the statute. We are committed, however, to a policy of liberal construction with reference to the statute and must apply it in the instant case if we find that the case comes "within its terms by intendment." The plaintiff Hazel Haught was not named as a party plaintiff in the first action, but it appears that said action was prosecuted for the full amount of the damage sustained to the real property on account of alleged tortious acts of defendant, it being intended by the plaintiff in said action to recover not only the amount of damage sustained to his interest in the real property, but also the amount of damage sustained to the interest of his wife, Hazel Haught, either upon the theory of agency, or upon the assumption that a cotenant may maintain an action and recover damages for injury to the whole of the common property, as is the rule in some jurisdictions. See Annotation, 80 A.L.R.

996. It is noted that in both cases recovery was sought for the damages sustained to the whole of the common property and in both cases full cognizance was taken of the facts relating to the joint ownership thereof. The first action failed on account of the rule of procedure in this jurisdiction requiring joinder of cotenants. Thus, the failure was otherwise than upon the merits.

Since both actions contemplated recovery in full of all damage sustained to the common property and complete adjudication of the rights of the joint owners thereof, we conclude that the cause of action is the same in both cases, that the parties are substantially the same, and that the present action is one within the intendment of the saving provisions of section 100, supra.

Accordingly, the judgment of the trial court is reversed and the cause remanded, with directions to proceed in accordance with the views herein expressed.

CORN, C. J., and RILEY, HURST, DAVISON, and ARNOLD, JJ., concur. GIBSON, V. C. J., and BAYLESS, J., dissent. WELCH, J., absent.