**Vicki CLARK, Appellant,**

v.

**PHILLIPS PETROLEUM COMPANY,**
**Appellee.**

**No. 59270.**

Court of Appeals of Oklahoma,
Division No. 4.

Jan. 24, 1984.

Released for Publication by Order of
Court of Appeals Feb. 24, 1984.

---

Glen Mullins, Abel, Musser, Sokolosky & Clark, Oklahoma City, for appellant.

Gary R. Proctor, Oklahoma City, for appellee.

BRIGHTMIRE, Judge.

Plaintiff complains of the trial court's sustentation of defendant's demurrer to her amended petition and dismissal of her products liability action. The court apparently concluded the petition disclosed on its face that plaintiff's claim for personal injury damages was barred by the statute of limitations.

I

Plaintiff, Vicki Clark, filed this action June 24, 1982, alleging that she was injured on August 11, 1979, as a result of the malfunctioning of a defective packaging machine she was using. The machine was designed, made and sold by three Ohio corporations: Mehl Manufacturing, Inc., Mehl Manufacturing Company and Phillips Films Company, Inc. Sometime after plaintiff was injured, she alleged, defendant Phillips Petroleum Company purchased the assets and assumed the liabilities of the three Ohio companies.

Dealing with the statute of limitations problem, plaintiff stated that on August 11, 1981, she filed an action against the Ohio concerns in the United States District Court for the Western District of Oklahoma, seeking redress for the injuries in question. She dismissed the federal suit June 24, 1982, without prejudice and filed this action on the same day against Phillips as the "successor corporation" to the three Ohio corporations.

Phillips attacked the petition with a demurrer grounded on a failure of the petition to state a cause of action. The trial

court sustained it for just that reason and dismissed the action.

This is absolutely all the light the record throws on the operative facts and the basis for the trial court's ruling. Both parties, however, reach beyond the record for certain facts said to have been discovered in the federal action. We decline to consider such matters not only because the parties differ as to what such extraneous facts are, but also because we would have to consider the petition as though it contained allegations it does not.

Plaintiff contends the dismissal was error because her petition: (1) does state facts sufficient to constitute a cause of action, and (2) does not show on its face that her action against Phillips is barred by the statute of limitations.

Phillips challenges only the second contention.

## II

The facts as pleaded bring into play the provisions of 12 O.S.1981 § 100, which are, in pertinent part: "If any action is commenced within due time, and ... if the plaintiff fail in such action otherwise than upon the merits, the plaintiff ... may commence a new action within one (1) year after the ... failure although the time limit for commencing the action shall have expired before the new action is filed."

This section, it has been held, is remedial and should be liberally construed. *C & C Tile Company v. Independent School District Number 7 of Tulsa County*, Okl., 503 P.2d 554 (1972).

Plaintiff's argument is that her action, being a manufacturers' products liability case, had to be brought against the manufacturer of the Mehl packaging machine within two years after her injury on August 11, 1979, according to 12 O.S.1981 § 95 (Third), and that she satisfied such limitation law when she filed the action in federal court on August 11, 1981. Dismissal of that lawsuit after the two year statutory period had run, she says, operated,

under the saving terms of 12 O.S.1981 § 100, to extend the limitations period for a year. Within the one year extension period, she filed "a new action," this one, against what she alleged was the original defendants' successor corporation, Phillips. These facts, concludes plaintiff, bring her within the scope of the savings statute.

The thrust of Phillip's response to this legal rationale is that plaintiff is not merely suing a corporate successor to the originally sued defendants, but in effect is naming a new unrelated defendant against whom the statute has long since run—an impermissible act according to *Mitchell v. Hines*, 101 Okl. 38, 223 P. 182 (1924).

██ In attempting to support its position, however, Phillips encounters difficulty because it has to rely on facts dehors the record. We should mention parenthetically at this point that we have long thought adherence to the court-made rule which allows a demurrer to be used to raise the statute of limitations defense if such defense is apparent on the face of the petition, is unfortunate because of its potential for procreating procedural and pleading problems, an example of which is present here. In the first place the statute of limitations bar is *not*, obviously, a part of a cause of action, but is a defense—an "affirmative" defense—that must be pleaded or else it is waived. *Labor Investment Corporation v. Russell*, Okl., 405 P.2d 1008 (1965). In the second place the statute dealing with the grounds for a demurrer, 12 O.S.1981 § 267, does not mention the statute of limitations as being one of the six listed grounds.

Assuming the court-created ground was justified before the advent of Rule 13,[1] it cannot be today. Because the statute of limitations is subject to so many exceptions and rebuttal pleas, such as estoppel, for instance, it seems unwise, if not unfair to the pleader of a cause of action, to compel him to (1) assume the defense will be raised and then (2) go forward in a petition with

---

1. District Court Rule 13, 12 O.S.1981, Ch. 2, App.

reply-type allegations of facts designed to escape or avoid the defense.

Finally, using a demurrer to launch a limitations attack on the petition promotes a pleading prematurity that invites just exactly what has happened here—partisan discussion of certain potentially significant facts that have not yet been properly developed in the record.

### III

We turn now to the determinative issue—whether in her petition plaintiff has pleaded sufficient facts to bring her action within the scope of the saving statute. More precisely, it is whether the permissive "new action" may be brought against a new party who has succeeded to the interests of the original defendant when such interests form the subject matter of the lawsuit. As can be seen from the section 100 language we quoted earlier, the only thing it says is that plaintiff "may commence a new action within one (1) year after ... failure" of the first one.

■ The general rule concerning subject statute is that the second suit must allege substantially the same cause of action and feature substantially the same parties as the first one. *Haught v. Continental Oil Company*, 192 Okl. 345, 136 P.2d 691 (1943). But as *Haught* recognizes, this rule is subject to certain exceptions and qualifications. *Haught*, for instance, approved joinder of a new party plaintiff in the second suit and cited cases from other jurisdictions with similar saving statutes that upheld prosecution of the second suit against a successor trustee, administrator or assignee on the theory that the interest of the successor was identical to that of the original defendant.

More pertinent to our problem here is the fact that the identity of interest concept has been applied where the second suit was brought against a new corporate defendant which had taken all the property and assumed all the debts and liabilities of the originally named company. *Producers Releasing Corporation De Cuba v. Pathe Industries, Inc.*, 184 F.2d 1021 (2nd Cir. 1950); *Atlantic Coast Line Ry. v. Knapp*, 139 Ga. 422, 77 S.E. 568 (1913).

■ Here plaintiff alleges in this, her second suit, that defendant Phillips has acquired the assets and assumed the liabilities of the defendants named in the first lawsuit. Thus the allegations of her amended petition created, we hold, a petition facially sufficient to withstand a general demurrer grounded on a statute of limitations defense.

### IV

The order of dismissal is reversed, and the cause is remanded for further proceedings.

DeMIER, P.J., and STUBBLEFIELD, J., concur.