613 F.Supp. 340 (1985)
Maryann ADDIE, Individually, and Vicky Ann Addie, By and Through Her Mother and Next Friend, Maryann Addie, Plaintiffs,
v.
MACK TRUCKS, INC., Rockwell International Corporation, and Southwest Wheel, Inc., Defendants.
No. 85-1209C(1).
United States District Court, E.D. Missouri, E.D.
July 22, 1985.
John D. Anderson, St. Louis, Mo., for plaintiffs.
Ben Ely, Jr., Robert A. Wulff and Louis W. Riethmann, St. Louis, Mo., for defendants.

MEMORANDUM
NANGLE, Chief Judge.
This case is now before this Court on defendants' various motions to dismiss. For the reasons stated below, these motions are granted in part and denied in part.
Plaintiffs' cause of action arises out of the death of Douglas Addie on July 26, 1979, in an accident on Interstate Highway 55, in the City of St. Louis, State of Missouri. At the time of the accident, Douglas Addie was driving a truck for Southwestern Transportation Company. According to the complaint, the truck driven by Douglas Addie was manufactured by defendant Mack Trucks, Inc. (hereinafter "Mack Trucks"), it contained a drag link manufactured by defendant Rockwell International Corporation (hereinafter "Rockwell"), and said drag link was installed prior to July 26, 1979, by defendant Southwest Wheel, Inc. (hereinafter "Southwest Wheel"). Plaintiff Maryann Addie was the wife of Douglas Addie and plaintiff Vicky Ann Addie was the daughter of Douglas Addie. *341 Plaintiffs' complaint states a claim for wrongful death and asserts theories of negligence and strict products liability as bases for relief. In Count I, plaintiff Maryann Addie seeks damages in the amount of $1,000,000.00 and Vicky Ann Addie seeks the same amount in Count II. In addition, defendant Mack Trucks filed cross-claims for indemnity and contribution against defendants Rockwell and Southwest Wheel.
All three (3) defendants move to dismiss plaintiffs' complaint on the ground that it is barred by the applicable statute of limitations. Further, defendants Rockwell and Southwest Wheel move to dismiss Mack Trucks' cross-claims. The undisputed facts relevant to these motions are that the accident in question occurred on July 26, 1979; plaintiffs filed a similar action only against defendant Mack Trucks on May 25, 1982; said action was voluntarily dismissed without prejudice on October 15, 1984; plaintiffs' instant action was filed on May 23, 1985; and defendant Mack Trucks' cross-claims were filed on June 21, 1985.
The parties are in agreement that the applicable statute of limitations is found in § 537.100 R.S.Mo. (1978), which statute provides for a limitations period of three (3) years in wrongful death actions. In addition, the statute provides, as follows:
[I]f any [wrongful death] action shall have been commenced within the time prescribed in this section, and plaintiff therein take or suffer a non-suit, ... such plaintiff may commence a new action from time to time within one year after such non-suit suffered....
§ 537.100 R.S.Mo. (1978).
Plaintiffs' actions against defendants Rockwell and Southwest Wheel are clearly time-barred. As to these defendants, who were not named as defendants in the original 1982 complaint, plaintiffs' claims became time-barred on July 26, 1982. The savings clause in § 537.100 is not applicable because defendants Rockwell and Southwest Wheel were not named as defendants in the first suit. Foster v. Pettijohn, 353 Mo. 84, 213 S.W.2d 487 (1948). See also Tanner v. Presidents-First Lady Spa, Inc., 345 F.Supp. 950 (E.D.Mo.1972); Western Casualty & Surety Co. v. Lamping, 507 S.W.2d 38 (Mo.Ct. App.1974).
Plaintiffs' cause of action against defendant Mack Trucks, however, is not time-barred. Because plaintiffs' complaint against said defendant was timely filed in 1982, and because the instant action was filed within one year of the October 15, 1984 voluntary dismissal, the instant action comes within the savings clause found in § 537.100. Therefore, plaintiffs' complaint against defendant Mack Trucks is timely. Tice v. Milner, 308 S.W.2d 697 (Mo.1957).
Defendants Rockwell and Southwest Wheel also moved to dismiss Mack Trucks' cross-claims for indemnity and contribution. They argue that, if plaintiffs' action against them is time-barred, then Mack Trucks' cross-claims are also time-barred. However, Mack Trucks' claims against defendants Rockwell and Southwest Wheel are not governed by the same period of limitations as plaintiffs' claim. Missouri Supreme Court Rule 52.11(a) provides, as follows:
At any time after commitment commencement of the action a defending party, as a third-party plaintiff, may cause a summons and petition to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him.
The Supreme Court of Missouri recently interpreted Rule 52.11(a) in State ex rel. General Electric Co. v. Gaertner, 666 S.W.2d 764, 765-67 (Mo. banc 1984), and held that a third-party plaintiff may implead a third-party defendant under said Rule after the statute of limitations has expired on the claim asserted by the original plaintiff. The court held "that a tort feasor may seek to enforce his or her right to obtain a relative apportionment of damages by means of third-party practice as authorized by Rule 52.11(a) during the pendency of the original plaintiff's timely filed suit, whether or not the statute of limitations has expired on the original claim *342 of the plaintiff." Id. at 767. In the opinion of this Court, the General Electric decision supports this Court's conclusion that Mack Trucks' cross-claims against defendants Rockwell and Southwest Wheel are timely. The fact that Mack Trucks' claims against defendants Rockwell and Southwest Wheel were originally denominated cross-claims and both Rockwell and Southwest Wheel are technically no longer parties defendant is not material. 6 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1431 at 163 (1971). However, to clarify the pleadings in this case, defendant Mack Trucks should refile its claims against defendants Rockwell and Southwest Wheel as third-party claims and defendant Mack Trucks is granted leave to do so within fifteen (15) days of this date.
Accordingly, defendant Mack Trucks' motion to dismiss plaintiffs' complaint is denied, defendants Rockwell and Southwest Wheel's motions to dismiss plaintiffs' complaint are granted, and defendants Rockwell and Southwest Wheel's motion to dismiss defendant Mack Trucks' cross-claims are denied.