Gene McCAIN, d/b/a Uncle Amos Barbeque, and Uncle Amos Foods, Inc., Appellants,

v.

KTVY, INC., Appellee.

No. 65519.

Court of Appeals of Oklahoma, Division No. 3.

March 3, 1987.

Rehearing Denied April 21, 1987.

Certiorari Denied June 23, 1987.

Dan Nelson, Oklahoma City, John Y. Young, of counsel, Sapulpa, for appellants.

David Machanic, Michael Minnis and David McCullough, Oklahoma City, for appellee.

HANSEN, Presiding Judge:

Gene McCain d/b/a Uncle Amos Barbeque, and Uncle Amos Foods, Inc., an Oklahoma Corporation filed the present action against KTVY, Inc. seeking damages for defamation. Plaintiff McCain originally brought suit in the United States District Court for the Western District of Okla-

homa. That action was dismissed for lack of diversity jurisdiction. Uncle Amos Foods, Inc. was not a Plaintiff in that action. In the present action Plaintiffs alleged KTVY, in its series "Behind the Kitchen Doors", defamed them by airing a broadcast warning the public to stay away from McCain's restaurant based on an unfavorable report of the Oklahoma City-County Health Department (OCCHD). Plaintiffs claimed the report contained false information. They further claimed KTVY made no effort to determine whether the statements in the report were accurate. They alleged they informed KTVY the report was erroneous and demanded a retraction. Instead KTVY rebroadcast the report. As a result McCain alleged he lost his business and his home and sustained damage to his related barbeque sauce business. In the petition Uncle Amos Foods, Inc., the distributor of Uncle Amos Barbeque Sauce, claims it was also damaged by the broadcast.

KTVY filed a motion to dismiss on the grounds the petition did not state a cause of action, claiming it showed on its face the statements were absolutely privileged under 12 O.S. 1981 § 1443.1. Libel is defined at 12 O.S.1981 § 1441:

"Libel is a false or malicious *unprivileged* publication by writing, printing, picture, of effigy or other fixed representation to the eye, which exposes any person to public hatred, contempt, ridicule or obloquy, or which tends to deprive him of public confidence, or to injure him in his occupation, or any malicious publication as aforesaid, designed to blacken or vilify the memory of one who is dead, and tending to scandalize his surviving relatives or friends." (emphasis supplied)

12 O.S.1981 § 1443.1 defines a privileged communication:

A. A privileged publication or communication is one made:

First. In any legislative or judicial proceeding or any other proceeding authorized by law;

Second. In the proper discharge of an official duty;

Third. By a fair and true report of any legislative or judicial or other proceeding authorized by law, or anything said in the course thereof, and any and all expressions of opinion in regard thereto, and criticisms thereon, and any and all criticisms upon the official acts of any and all public officers, except where the matter stated of and concerning the official act done, or of the officer, falsely imputes crime to the officer so criticized.

B. No publication which under this section would be privileged shall be punishable as libel.

If a communication falls in any of the above categories it is absolutely privileged and no action for libel will lie. 12 O.S.1984 Supp. § 2008 requires only a short and plain statement of the claim showing the pleader is entitled to relief. However if the petition shows the broadcast falls under § 1443.1, subd. A (Third) as a "fair and true report" of the OCCHD investigation it is not libel and Plaintiffs are not entitled to relief.

▮ Plaintiffs' petition recognizes the broadcast was based on a health inspection report made pursuant to an ordinance of the City of Oklahoma City. This ordinance[1] provides the inspection report is a public document that shall be made available for public disclosure according to law. Plaintiffs' petition did not allege the broadcast was an inaccurate version of the OCCHD report. It only argues the report was false. As in *White v. Basnett*, 700 P.2d 666 (Okla.App.1985), such report is a proceeding authorized by law within the meaning of 12 O.S. § 1443.1 governing absolute privilege. Although *White* dealt with a citizen's complaint against a police officer who subsequently brought a libel action, we find the reasoning therein persuasive. The media must be able to inform the public of health hazards discovered and

---

**1.** Section 10–203 of the Food Service Ordinance established in Section 16–138 of Chapter 16 of Oklahoma City Code.

reported by the health department without fear of resulting lawsuits. Publishers of privileged information provide a conduit by which a broader distribution of public information is possible.

The report is a part of the public record and may be viewed by any member of the public. As such it is clear the report is a privileged publication defined by § 1443.1. Although Plaintiffs alleged KTVY had the duty to inspect McCain's restaurant before broadcasting the report to determine its accuracy, they cite us to no legal authority to support such an assertion. The issue of whether the broadcast was privileged is a question of law.[2] The trial court was correct in sustaining KTVY's Motion to Dismiss for failure to state a cause of action.

▪ We also hold the petition should have been dismissed against Plaintiff Uncle Amos Foods, Inc. for additional reasons. The alleged libelous broadcast occurred in July of 1983. The present suit was brought on July 19, 1985 well after the one-year statute of limitations of 12 O.S. 1981 § 95(4) expired. The saving clause of 12 O.S.1981 § 100 which allows a party who has timely filed an action to refile within one year of a dismissal does not save Uncle Amos Foods, Inc. as it was not a plaintiff in the federal action. A party plaintiff in a new action must be substantially the same, suing in the same right after a failure other than on the merits.[3] Such is not the case herein. In addition, the report was about McCain's restaurant, not the corporate entity making the barbeque sauce. Hence the allegedly libelous statements were not "of and concerning" Uncle Amos Foods, Inc.[4]

The trial court is AFFIRMED.

HUNTER and BAILEY, JJ., concur.

**2.** *Crittendon v. Combined Communications Corporation,* 714 P.2d 1026 (Okla.1985).

**3.** *C & C Tile Co. v. Independent School District Number 7 of Tulsa County,* 503 P.2d 554, 559 (Okla.1972).

**4.** *Layman v. Readers Digest Association,* 412 P.2d 192 (Okla.1966).