2000 OK CIV APP 64

Charles R. JOHNSON, D.M.D., Appellant,

v.

KFOR, a/k/a KFOR–TV a/k/a Channel Four Television Station, a division of New York Times Company, and Tammy Payne, individually, Appellees.

No. 93,061.

Court of Civil Appeals of Oklahoma, Division No. 2.

Dec. 28, 1999.

Rehearing Denied Feb. 15, 2000.

Certiorari Denied April 25, 2000.

Mark Hammons, Hammons & Associates, Oklahoma City, Oklahoma, For Appellant,

Robert D. Nelon, Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C., Oklahoma City, Oklahoma, For Appellees.

REIF, J.:

¶1 This appeal arises from a defamation action brought by Dr. Charles R. Johnson, a licensed dentist, against television station KFOR. Dr. Johnson contended he was damaged by a story that aired April 29, 1998, on KFOR's 10 p.m. newscast. The story reported that one of Dr. Johnson's patients was upset about treatment she had received from Dr. Johnson. The story explained that "following root canal work on both sides on [her] mouth, Dental Board documents show her dentist walked out." Viewers were told the patient felt she had been left in unqualified hands and later sought treatment in an emergency room. The story quoted Dr. Johnson as relating that another dentist took over for him in this case. It also quoted his statement that his "procedures ... were done in a diligent and skillful manner [and] the quality of the work performed [was not] influenced by any other agenda." The concluding portions of the story noted (1) a remark from Dr. Johnson's patient who stated that "even her mother is having problems," (2) the reprimand of Dr. Johnson by the Dental Board, and (3) a reference to Dental Board documents showing Dr. Johnson left the root-canal patient to catch "a previously scheduled flight to L.A.—for pleasure."

¶2 Dr. Johnson has argued that the story is either defamatory or a false light invasion of privacy, because (1) the patient's complaint and Dental Board discipline occurred in 1996 and were "stale" from the standpoint of public interest; (2) information was reported that was incorrectly reflected in the Dental Board's records, and (3) false impressions were created that the patient required immediate emergency room treatment and that her mother had received inad-

equate treatment from Dr. Johnson. KFOR has argued that the story about Dr. Johnson is protected by common law and statutory privileges. The trial court agreed with KFOR and dismissed Dr. Johnson's suit. Upon review of the record, we find no material facts in dispute concerning the circumstances of the publication in question. In such cases, the issue of whether a statutory privilege applies is a question of law. *Price v. Walters,* 1996 OK 63, ¶ 5, 918 P.2d 1370, 1375.

¶ 3 Dr. Johnson does not dispute the fact that KFOR's story was based on a disciplinary proceeding before the State Board of Dentistry. That proceeding, including what the witnesses said and what the Board did, is clearly a "proceeding authorized by law" and is covered by the statutory privilege found in 12 O.S.1991 § 1443.1 (Third). Though Dr. Johnson initially asserted that some of the information in the public record was incorrect, *he has never alleged that the broadcast was an inaccurate version of the Board's proceedings.*

¶ 4 This case is similar to *McCain v. KTVY, Inc.,* 1987 OK CIV APP 13, ¶ 4, 738 P.2d 960, 961. In *McCain,* the Court of Civil Appeals affirmed the trial court's dismissal of a suit against a broadcaster because "Plaintiff's petition did not allege the broadcast was an inaccurate version of the OCCHD [Oklahoma City–County Health Department] report. It only argues the [OCCHD] report was false." The Court held that the trial court correctly determined the statutory privilege applied, because the broadcast was a fair and true report of the OCCHD report.

¶ 5 Dr. Johnson further argues that KFOR's broadcast went outside its coverage of the proceeding, and therefore outside the statutory privilege's protection. He bases this argument on his assertions that the story falsely implied the patient had to go to an emergency room immediately after her visit to his office and falsely implied he provided inadequate treatment to her mother.

¶ 6 It is well established that it is unnecessary that a news story be " 'exact in every immaterial detail or that it conform to that precision demanded in technical and scientific reporting. It is enough that it conveys to the persons who read it a substan-

tially correct account of the proceeding.' " *Crittendon v. Combined Communications Corp.,* 1985 OK 111, ¶ 15, 714 P.2d 1026, 1029. This substantial accuracy test, as stated in the Restatement (Second) of Torts § 611 cmt. f (1977), has been adopted by most jurisdictions, including Oklahoma. Basically, a news story is substantially accurate as long as the "gist" or "sting" of the entire story is both fair and true. *Id.* at ¶ 16, 714 P.2d at 1029–30.

¶ 7 After applying this test to the isolated language Dr. Johnson asserts is misleading, we conclude that the gist of KFOR's *entire* story is both fair and true. The gist of the story is that the Board brought a disciplinary action against Dr. Johnson and ultimately reprimanded him because he left a patient in the middle of a procedure. KFOR fairly and truly reported on the disciplinary proceeding, including giving Dr. Johnson's side of the story. The statute's absolute privilege is not lost simply because some of the information reported was unclear in meaning and susceptible to being interpreted adversely to the subject of the story.

¶ 8 Dr. Johnson also asserts KFOR waived the privilege or should be estopped from relying on it. He points out that when he attempted to enjoin KFOR from airing the story, KFOR's attorneys told the trial court that Dr. Johnson could have a remedy in damages for any false and injurious report. The record does not include a transcript of the comments by KFOR's attorney and, therefore, this court cannot determine whether waiver or estoppel applies. In general, arguing the existence of an adequate remedy at law to defeat injunctive relief does not bar the party making that argument from asserting defenses it may have in the event the remedy at law is pursued.

¶ 9 The story was privileged as a matter of law and, therefore, the trial court properly dismissed Dr. Johnson's suit.

¶ 10 AFFIRMED.

¶ 11 STUBBLEFIELD, P.J., and TAYLOR, J. (sitting by designation), concur.