2001 OK CIV APP 52

**Dwan NUSBAUM, Plaintiff/Appellant,**

**v.**

**Larry KNOBBE and United States Fidelity & Guarantee Company d/b/a The St. Paul Companies, Defendants,**

**and**

**Marci D. Phemister, Defendant/Appellee.**

**No. 95,033.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Jan. 23, 2001.

Certiorari Denied April 3, 2001.

Bradley H. Mallett, Taylor Burrage Foster, Mallett & Downs, Claremore, OK, for Plaintiff/Appellant.

Roger K. Eldredge, Norman Wohlgemuth, Chandler & Dowdell, Tulsa, OK, for Defendant/Appellee.

TAYLOR, Judge:

¶ 1 Plaintiff, Dwan Nusbaum, appeals an order of the trial court granting summary

---

judgment to Defendant, Marci D. Phemister, in this action for damages sustained as a result of an automobile accident. The issue on appeal is whether Plaintiff's action is saved from the bar of the statute of limitations by 12 O.S.1991 § 100. We find that it is not and affirm the summary judgment in favor of Phemister.

¶ 2 Plaintiff initially filed this action in the District Court of Tulsa County on September 9, 1998, alleging damages from an automobile accident that occurred on September 9, 1996,[1] in Oklahoma City. According to the original petition, Plaintiff was injured as a result of the accident in which she was the driver of one vehicle and Defendant Larry Knobbe was the driver and owner of the other vehicle. Plaintiff also asserted a claim against Defendant, The St. Paul Companies, her uninsured motorist carrier. Defendant St. Paul answered Plaintiff's petition and asserted a cross-claim against Knobbe for indemnification.

¶ 3 Shortly after filing the initial petition, Plaintiff's counsel became aware that the petition had erroneously been filed in Tulsa County rather than in Oklahoma County, where the accident occurred. Realizing that venue was improper in Tulsa County, Plaintiff dismissed her Tulsa County petition on September 24, 1998, and filed a new petition in Oklahoma County on September 30, 1998, after the two-year statute of limitations had run. The second petition was, in all respects, identical to the original petition; in particular, it alleged that Larry Knobbe was the driver and owner of the other vehicle involved in the accident.

¶ 4 Shortly after filing the second petition, Plaintiff's counsel learned that, in reliance on the police accident report, he had mistakenly named Defendant Knobbe rather than Phemister as the driver of the vehicle. Therefore, on December 14, 1998, Plaintiff sought leave of court to amend her petition to add Phemister as a defendant. The trial court granted leave to amend, and, on December 15, 1998, Plaintiff filed her amended petition, which was decidedly different than the first and second petitions. In particular, the amended petition added Phemister as a defendant and claimed for the first time that Phemister, as the driver of the other vehicle, caused damage to Plaintiff. The amended petition further changed the theory of recovery against Defendant Knobbe to negligent entrustment. The claim against Defendant St. Paul remained the same. Defendant St. Paul again filed a cross-claim for indemnification, this time against both Defendants Knobbe and Phemister.

¶ 5 Phemister moved for summary judgment on the ground that both Plaintiff's and Defendant St. Paul's claims against her are barred by the applicable two-year statute of limitations. Plaintiff responded to the motion for summary judgment by asserting that her claim against Phemister was saved from the limitations bar by 12 O.S.1991 § 100. Plaintiff also alleged that her amended petition related back to the original petition pursuant to 12 O.S. Supp.1999 § 2015(C) and, thus, was not barred by the statute of limitations. Defendant St. Paul also responded to Phemister's motion for summary judgment, asserting relation back under § 2015(C).

■ ¶ 6 The trial court granted summary judgment to Phemister and against both Plaintiff and Defendant St. Paul, finding that "the undisputed material facts establish that the claims asserted against Phemister by the Plaintiff and the UM carrier are barred by the statute of limitations." Plaintiff and Defendant St. Paul jointly moved the trial court to reconsider its judgment. The trial court overruled the motion to reconsider and directed the filing of a final judgment pursuant to 12 O.S. Supp.1999 § 994. Plaintiff appeals the trial court's order pursuant to Supreme Court Rule 1.36, 12 O.S. Supp.1999, ch. 15, app.[2]

¶ 7 Oklahoma's savings statute, 12 O.S. 1991 § 100, provides as follows:

> *If any action is commenced within due time,* and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff ... may commence a

---

1. We note that the police report indicates an accident date of September 12, 1996.

2. Defendant St. Paul did not enter an appearance in this appeal.

new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed. (Emphasis added.)

According to § 100, in order to be saved from the limitations bar, an action must be "commenced within due time." In the instant case, Plaintiff's action and Defendant St. Paul's cross-claim against Defendant Phemister were not "commenced within due time"—they were commenced more than two years after the accident. Thus, according to the plain language of § 100, Plaintiff's action and Defendant St. Paul's cross-claim are not saved by § 100 from the bar of the statute of limitations.

¶ 8 The Tenth Circuit Court of Appeals, applying § 100, reached the same result in *Brown v. Hartshorne Public School District No. 1*, 926 F.2d 959 (10th Cir.1991). In that case, the plaintiff filed a timely action against the school district alleging employment discrimination and retaliation based on race. The plaintiff voluntarily dismissed her action and filed another action within one year against the school district *and* individual school board members. The court of appeals held that the refiled action, as it related to the school district, "clearly falls within the ambit of section 100 and is therefore not barred by the statute of limitations." *Id.* at 962. However, with regard to the school board members, the court held: "Because the board members were not named in the prior action, the saving statute does not apply to the suit against them and it is therefore untimely." *Id.*[3]

¶ 9 *Brown* is consistent with Oklahoma case law regarding § 100. In order for

§ 100 to apply, the refiled action must be based on the same cause of action as the originally filed action and must be against substantially the same parties. *Haught v. Continental Oil Co.*, 1943 OK 159, 136 P.2d 691 (syllabus 2 by the court). In other words, the refiled action must be a suit "to enforce the same right." *Id.* Here, the refiled action is not against substantially the same parties. The first action was against Knobbe and made no mention of a claim against Phemister. Therefore, § 100 does not apply to save Plaintiff's claim against Phemister.

¶ 10 The Oklahoma Supreme Court has held that § 100 should be liberally construed " 'so as to cover all cases which may come within its terms by intendment.' " *Id.* at ¶ 7, 136 P.2d at 692 (quoting *Claussen v. Amberg*, 1935 OK 154, 44 P.2d 92, 95; and *Stevens v. Dill*, 1930 OK 37, 285 P. 845). Furthermore, Oklahoma courts have applied § 100 to save refiled actions against parties that were not included in the original action. Nevertheless, the cases where the court has allowed the addition of parties in refiled actions are generally distinguishable from the instant case. For instance, in a number of cases the courts have allowed the addition of plaintiffs as parties. *See, e.g., Haught*, 1943 OK 159, 136 P.2d 691 (action for damage to property held by husband and wife as tenants in common; court allowed addition of wife as party plaintiff because action had to proceed against both owners and issue and required proof did not substantially change as result of the addition); *Midland Valley Ry. Co. v. Townes*, 1936 OK 749, 64 P.2d 712 (widow filed action in her own name before appointment of administrator; refiled action filed by

---

3. Courts in other jurisdictions have reached similar results. For example, *see Addie v. Mack Trucks, Inc.*, 613 F.Supp. 340 (E.D.Mo.1985) (original petition in products liability action did not name manufacturer of component parts; after dismissal without prejudice and running of statute of limitations, refiled suit named component parts manufacturer; claim against component parts manufacturer not saved from limitations bar); *Vessichio v. Hollenbeck*, 18 Conn.App. 515, 558 A.2d 686 (1989) (suit against city dismissed without prejudice; refiled against city and custodian of school after statute of limitations had run; action against custodian barred by the statute of limitations and not saved);

*Heyde v. Xtraman, Inc.*, 199 Ga.App. 303, 404 S.E.2d 607 (1991) (original suit against corporate defendant; suit adding sole stockholder after running of statute of limitations not saved); *Cherokee Ins. Co. v. R/I, Inc.*, 97 N.C.App. 295, 388 S.E.2d 239 (1990) (plaintiff sued wrong, but similarly named, defendant; refiled suit against correct defendant not saved from limitations bar); *Turner v. Aldor Co. of Nashville, Inc.*, 827 S.W.2d 318 (Tenn.Ct.App.1991) (plaintiff sued installer of overhead door; plaintiff could not add manufacturer of overhead door as a defendant after statute of limitations had run, even though manufacturer had been third-party defendant).

widow as administrator saved by § 100; court found beneficiaries were the same, necessary proof was the same, and defenses were the same); *but see Garrett v. Downing,* 1939 OK 237, 90 P.2d 636 (action originally filed in the name of a stockholder, individually; § 100 did not save refiled action where plaintiff attempted to add corporation as party plaintiff); *McCain v. KTVY, Inc.,* 1987 OK CIV APP 13, 738 P.2d 960 (addition of previously unnamed corporate defendant not saved by § 100).

¶ 11 The rationale for allowing a change in party plaintiffs was discussed by the court in *C & C Tile Co. v. Independent School District No. 7,* 1972 OK 137, 503 P.2d 554. In *C & C Tile,* the plaintiff designated itself as Independent School District Number 7 of *Osage* County, rather than the correct appellation of Independent School District Number 7 of *Tulsa* County. The plaintiff's action was dismissed otherwise than on the merits. When the plaintiff refiled the action after the statute of limitations had run, it correctly named Independent School District Number 7 of Tulsa County. The supreme court held that § 100 saved the action from the limitations bar, finding that the change in the name of the party plaintiff was merely to correct a misnomer of the party who had already been in court. The rationale for the court's decision can be found in the following statement:

> The theory of the limitation statutes is that a defendant be given notice within a certain period that he will be called upon to defend a certain action, and that he be given sufficient notice to adequately prepare. If this is done within the statutory period, the bringing of a subsequent action in the name of the correct party plaintiff which does not substantially change the claim or allege a new cause of action does not harm defendant.

*Id.* at ¶ 20, 503 P.2d at 559.

¶ 12 In the instant case, Plaintiff is attempting to add a party defendant, not a party plaintiff. Therefore, the rationale for allowing a change in the party plaintiff does not apply. Furthermore, Plaintiff is not merely attempting to make a nominal change in the name of a party, for example, from the name Larry Knobbe to some other name by which that defendant is known. Rather, Plaintiff is attempting to add a heretofore unnamed defendant who was not even referenced in the original petition. Finally, unlike in *C & C Tile,* where the correct party had appeared before the court in the first action, Defendant Phemister did not make an appearance in the first action. Therefore, we find unpersuasive cases allowing the addition of or change in the name of a party plaintiff.

¶ 13 Oklahoma courts have also allowed § 100 to save claims against party defendants who were named after the running of the statute of limitations. However, again in these cases, the changes or additions are generally nominal or affect a substantially similar party. For example, in *Griesel v. Fabian,* 1938 OK 589, 84 P.2d 634, after the originally named defendant died, the plaintiff's action was dismissed without prejudice and, after the statute of limitations had run, the plaintiff refiled the action against the original defendant's executor. The supreme court held that § 100 saved the action from the limitations bar. And, in *Clark v. Phillips Petroleum Co.,* 1984 OK CIV APP 6, 677 P.2d 1092, the plaintiff timely filed her action against a particular corporation. She dismissed the action without prejudice and refiled it against the successor corporation. Recognizing that the general rule regarding § 100 is that the second suit must allege substantially the same cause of action and feature substantially the same parties as the first suit, the court of appeals held that, because there was an identity of interest between the first corporation and the successor corporation, § 100 saved the second suit from the limitations bar. *Id.* at ¶¶ 16–18, 677 P.2d at 1095.

¶ 14 In the instant case, however, as noted earlier the addition of Phemister is not a nominal change in party defendants. Furthermore, there is not a substantial identity of interest between Phemister and Knobbe as was the case in *Clark,* where the successor defendant had assumed the assets and liabilities of the original defendant. Plaintiff alleges an identity of interest based on the familial relationship between Knobbe and Phemister, the shared legal representation

provided by Knobbe's liability insurer, and Knobbe's ownership of the vehicle which Phemister was driving. We find that, although these facts indicate some connection between Knobbe and Phemister (mostly due to their familial relationship), they do not provide a sufficient connection to hold that Knobbe and Phemister have a substantial identity of interest.

¶ 15 Plaintiff argues that, when read in conjunction with the relation back doctrine found in 12 O.S. Supp.1999 § 2015(C), a holding that § 100 does not save her claim from the limitations bar would lead to an absurd result. According to Plaintiff, "[a] party would be allowed to use relation back [of § 2015(C)] to add a party after the statute of limitations had run, but only if the party to be added had been named in the initial action. If this were true there would be no need for relation back in the first place." We disagree. The relation back doctrine would still be an issue in the usual situation where a plaintiff files an action against one defendant, the statute of limitations runs, and the plaintiff moves to amend to add or change a defendant. In this usual situation, there is no intervening dismissal without prejudice with a subsequent refiling after the statute of limitations has run, such as we have in the case at bar. Therefore, we reject Plaintiff's contention that application of § 100 is necessary to avoid an absurd result.

¶ 16 We conclude that Plaintiff's action against Phemister is barred by the statute of limitations and is not saved by § 100 because it was not "commenced within due time." [4] Therefore, the trial court correctly granted summary judgment to Defendant Phemister and against Plaintiff and Defendant St. Paul.

¶ 17 AFFIRMED.

¶ 18 RAPP, P.J., and COLBERT, J., concur.

---

**4.** Because we find that § 100 does not save Plaintiff's claim, we do not address the applicability of 12 O.S. Supp.1999 § 2015(C).