2011 OK CIV APP 21

Ronald **BOULDEN,** Plaintiff/Appellant,

v.

**COLBERT NURSING HOME, INC.,** d/b/a Southern Pointe Living Center; Philip Green; Gilbert Green; Angela Mitchell Tabor; and Marcinda Mitchell, Defendants/Appellees,

and

Joyce Shrum; Bob G. Mitchell; Robert M. Mitchell; and Kelly O. Mitchell, Defendants.

No. 108,639.

Court of Civil Appeals of Oklahoma, Division No. 4.

Jan. 21, 2011.

W. Wayne Mills, Terry M. McKeever, Mills & McKeever, P.C., Oklahoma City, OK, for Plaintiff/Appellant.

Douglas M. Borochoff, Jeffrey Fields, Oliver L. Smith, Gibbs Armstrong Borochoff Mullican & Hart, P.C., Tulsa, OK, for Defendants/Appellees.

DOUG GABBARD II, Vice Chief Judge.

¶ 1 Plaintiff, Ronald Boulden, appeals the trial court's dismissal of this action based on the alleged improper treatment of Plaintiff's mother, now deceased, while she was a resident at Defendant, Colbert Nursing Home, Inc., d/b/a Southern Pointe Living Center (Nursing Home). We reverse and remand for further proceedings.

**1.** Plaintiff also named Joyce Shrum, Bob G. Mitchell, Robert M. Mitchell, and Kelly O. Mitchell, but dismissed the action without prejudice as to those Defendants after the trial court granted Appellees' dismissal motions.

**2.** For example, the petition specifically named "negligence" and "negligence per se" as theories of recovery and alleged that Decedent was "subject to neglect and abuse" while a resident at

## BACKGROUND

¶ 2 Plaintiff's mother, Anna May Boulden (Decedent), died on November 24, 2005, approximately two months after she began residing at Nursing Home. In January 2007, Plaintiff, who also is the personal representative of Decedent's estate, sued Nursing Home, alleging it had caused Decedent's death. The 2007 petition specifically designated "negligence as well as negligence per se" as theories of recovery, and sought compensatory damages because Decedent was allegedly subjected to "neglect and abuse" at Nursing Home; that "[t]he lack of training and education by the facility and its owners led to the violation of the Plaintiff's rights;" that Nursing Home "used restraints without a physician's order for discipline and/or convenience" in violation of 42 C.F.R. § 483.13; and that Nursing Home engaged in conduct that "breach[ed] the statutory and common law duty to promote the enhancement of the residents' quality of life." However, in September 2009, Plaintiff dismissed this action, without prejudice, after the trial court denied his request to amend his petition to add parties and allegations to support an argument to pierce the corporate veil.

¶ 3 On November 16, 2009, Plaintiff refiled the case, again alleging that Nursing Home's improper treatment had caused Decedent's death. In this petition, Plaintiff named as Defendants certain individuals identified as Nursing Home's "shareholders or officers or directors," including Appellees Phillip Green, Gilbert Green, Angela Tabor, and Marcinda Mitchell (collectively, Shareholders).[1] Plaintiff sought to impose liability against these individuals by piercing Nursing Home's corporate veil. The allegations of the 2009 petition were substantially the same as the 2007 petition,[2] except the 2009 petition alleged that Defendants had "used the corporate en-

Nursing Home; that Nursing Home failed to properly train and educate its employees, leading to "violation of [Decedent's] rights;" that Nursing Home "used restraints without a physician's order for discipline and/or convenience," in violation of 42 C.F.R. 483.13; and that Defendants' conduct breached a statutory and common law duty to enhance the quality of life of the residents.

tity" to avoid public policy, had failed to secure and maintain liability insurance, had failed to adequately capitalize the corporation, and had acted intentionally, recklessly, and with malice, thereby entitling Plaintiff to punitive as well as compensatory damages.

¶ 4 In December 2009, Shareholders each filed a "special entry of appearance and motion to dismiss," seeking to dismiss the petition based on the expiration of the statute of limitations. These motions argued that Plaintiff's refiled 2009 petition "included additional parties and claims not included" in the original petition, and that Plaintiff's claim was barred by the applicable two-year statute of limitations. Because Shareholders were not sued in Plaintiff's original action, they claimed any applicable limitations period was not tolled by Oklahoma's "savings" statute, 12 O.S.2001 § 100.

¶ 5 On January 8, 2010, Nursing Home filed an answer generally denying Plaintiff's allegations and asserting a number of "affirmative defenses," including, among others, the statute of limitations, and "fail[ure] to state a cause of action for negligence, punitive damages, or other cause of action." Two months later, Nursing Home also filed a motion to dismiss, asserting that, because Plaintiff's claim "is one of professional negligence," Plaintiff was subject to 12 O.S. Supp. 2009 § 19(A)(effective November 1, 2009), which requires, in "any civil action for professional negligence," an affidavit of merit from a "qualified expert" to either be attached to the petition, or, upon a showing of "good cause," to be submitted within 90 days thereafter. Nursing Home asserted that, because Plaintiff had neither attached such an affidavit to his petition nor applied for an extension of time to do so, the action was subject to dismissal.

¶ 6 Plaintiff objected to the dismissal motions, and alternatively moved to amend his petition, attaching a copy of the proposed amendment along with an affidavit of merit from an individual identified as an expert. The trial court granted Defendants' dismissal motions and denied the request to amend. Plaintiff now appeals.[3]

## STANDARD OF REVIEW

¶ 7 In this case, each Defendant's motion is based on the premise that Plaintiff's petition has not stated a claim—whether for reasons of timeliness or for failure to include an instrument required by statute demonstrating that Plaintiff has a legally supportable complaint. Therefore, we view the motions as being filed under 12 O.S. Supp.2009 § 2012(B)(6).[4]

¶ 8 An order dismissing a case for failure to state a claim is reviewed by this Court de novo Fanning v. Brown, 2004 OK 7, ¶ 4, 85 P.3d 841, 844. As noted by the Supreme Court in Fanning, motions to dismiss are viewed with disfavor, and the burden of demonstrating a petition's insufficiency "is not a light one." Id. at ¶ 4, 85 P.3d at 844–45. "A pleading *must not* be dismissed for failure to state a legally cognizable claim *unless* the allegations indicate *beyond any doubt* that the litigant can prove *no* set of facts which would entitle him to relief." *Frazier v. Bryan Mem'l Hosp. Auth.*, 1989 OK 73, ¶ 13, 775 P.2d 281, 287 (emphasis in original).

## ANALYSIS

*Nursing Home's "Affidavit of Merit" Defense*

¶ 9 On appeal, Plaintiff asserts that he should have been permitted to amend his

---

3. Though the trial court did not specifically state that it denied the request to amend, its grant of Defendants' dismissal motions, coming after Plaintiff's previous voluntary dismissal and refiling, effected a dismissal with prejudice of Plaintiff's action. *See U.S. Fire Ins. Co. v. Swyden*, 1935 OK 1191, 53 P.2d 284. As such, the dismissal left no possibility for Plaintiff to amend his petition, and therefore denied his request to amend.

4. This view is consistent with the Supreme Court's treatment of the motion filed by the defendant in *Zeier v. Zimmer, Inc.*, 2006 OK 98, 152 P.3d 861, dealing with dismissal based on lack of an affidavit of merit; as well as with the Court's treatment of the dismissal motion in *Kirby v. Jean's Plumbing Heat & Air*, 2009 OK 65, 222 P.3d 21, which was based on limitations. Other courts have similarly treated motions to dismiss based on the lack of an affidavit. *See, e.g., Erwin v. Bryan*, 125 Ohio St.3d 519, 929 N.E.2d 1019, 1023–24 (2010).

petition to add the "affidavit of merit" that Nursing Home argued was essential to his ability to legally state a claim. We agree with Plaintiff, and find this argument dispositive of this issue.[5]

¶ 10 As noted above, the Supreme Court has clearly stated that dismissals for failure to state a claim are not favored. The Oklahoma Legislature has made similar pronouncements. Title 12 O.S. Supp.2009 § 2015(A) provides that leave to amend "*shall* be freely given when justice so requires," and § 2012(G) instructs that "[on] granting a motion to dismiss a claim for relief, the court *shall* grant leave to amend if the defect can be remedied" (emphasis added).[6] Even the newly effective 12 O.S. Supp. 2009 § 19 suggests that a court is restricted to dismissing a case "without prejudice" upon a motion raising the affidavit of merit defense. *See* §§ 19(A)(2), 19(B)(2), and 19(C)(2), each of which provides only for the trial court to "dismiss the action *without prejudice* to its refiling" (emphasis added) if the defendant moves for dismissal pursuant to § 19.

¶ 11 Here, the *only* defect asserted by Nursing Home was Plaintiff's failure to attach the affidavit required by § 19—a defect which Nursing Home did not even raise until after the 90–day deadline set forth in § 19 had expired. Among Plaintiff's several responses to this argument was a request to amend his petition to submit the affidavit, a copy of which he attached to his request. Under § 19, the trial court was permitted to dismiss Plaintiff's petition without prejudice after Nursing Home's first request for dismissal, but dismissal with prejudice was not an available option under the circumstances.

Thus, pursuant to § 2012(G), the trial court was required to allow Plaintiff to amend. Its failure to do so was reversible error as a matter of law, and therefore, the dismissal against Nursing Home is reversed.

### Shareholders' Statute of Limitations Defense

¶ 12 We also find error in the trial court's dismissal of Plaintiff's petition against Shareholders. It is not disputed that the 2007 action against Nursing Home was timely filed. Although that petition was later dismissed pursuant to 12 O.S.2001 § 100, this statute states that limitations will not bar a subsequent action filed within a year against the same party for the same claim:

> If any action is commenced within due time, and ... the plaintiff fail in such action otherwise than upon the merits, the plaintiff, or ... his representatives may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.

¶ 13 The Oklahoma Supreme Court has held that when the same "operative facts support multiple theories of liability that are governed by different limitation periods," the savings clause of § 100 will "extend the time for the commencement of an action predicated on those theories that would have been timely pressed had they been actually raised in the original suit." *Chandler v. Denton,* 1987 OK 38, ¶ 1, 741 P.2d 855, 859. Oklahoma courts have also recognized that § 100 may save a claim against defendants who were not named as parties until after limita-

---

**5.** Although Plaintiff argued in the trial court that Nursing Home "waived" the option of moving to dismiss for failure to state a claim, we note that Plaintiff failed to object to Nursing Home's late-filed answer, which expressly sets forth the defense. Under § 2012(A), a party served with a summons and petition "shall serve an answer" within 20 days of service. The record does not reflect that Nursing Home sought or obtained an extension of this deadline; rather, it appears that Nursing Home filed both its answer and its motion to dismiss out of time, without first obtaining leave of court. A party's untimely answer or motion to dismiss, filed without leave of court "or having been treated by the court as timely, is a nullity and of no effect." *Powers v. Dist. Court*

*of Tulsa Cnty.,* 2009 OK 91, ¶ 5, 227 P.3d 1060, 1066; *see also Durant Civic Found., Inc. v. Grand Lodge of Okla. of Ind. Order of Odd Fellows,* 2008 OK CIV APP 54, ¶ 8, 191 P.3d 612, 614–15. Here, the trial court treated Nursing Home's late filings as timely, and Plaintiff did not argue otherwise.

**6.** The Oklahoma Supreme Court has long recognized that, in statutory construction, the use of the term "shall" in a statute is "usually given its common meaning of 'must' and interpreted as implying a command...." *State ex rel. Ogden v. Hunt,* 1955 OK 125, ¶ 6, 286 P.2d 1088, 1090.

tions ran; however, such cases have been generally limited to situations where the change or addition of a party is nominal or where the party added is substantially the same as the defendant who was originally named. *Nusbaum v. Knobbe*, 2001 OK CIV APP 52, ¶ 13, 23 P.3d 302, 304; *see also Clark v. Phillips Petroleum Co.*, 1984 OK CIV APP 6, 677 P.2d 1092 (holding that a refiled action against a new defendant entity was saved by § 100 where there was an "identity of interest" between the original and later named defendant entities).

¶ 14 In this case, Plaintiff argues that his second petition did not add a new claim or new parties. Instead, he asserts, his petition is based on the same "operative facts" as were asserted in his 2007 petition. He also argues that, even though he names several additional defendants, because they are named only under a "corporate veil" theory of recovery, they are substantially the same "party."

 ¶ 15 Generally, a corporation is regarded as a separate legal entity that is distinct from the individuals who comprise it. *Fanning v. Brown*, 2004 OK 7, ¶ 16, 85 P.3d 841, 846. However, "Oklahoma has long recognized the doctrine of disregarding the corporate veil in certain circumstances." *Id.* In an appropriate case, the court will look behind the corporate entity and treat the corporate shareholders and the corporation as one entity. *Id.* In *Fanning*, which also involved a claim against a nursing care facility, the Supreme Court characterized the plaintiff's allegations to pierce the corporate veil as "a legal theory," and not a wholly separate cause of action. The Court also found the following allegations sufficient to survive a motion to dismiss:

> [The plaintiff] alleged the shareholders used the corporate entity to defeat the public policy of protecting a resident from neglect and abuse, that they failed to secure and maintain liability insurance, and that they allowed [the facility] to become suspended from doing business within the state. [The plaintiff] also argued that the public policy of protecting elderly residents is a compelling ... reason to disregard the

corporate entity and pierce the corporate veil.

*Id.* at ¶ 17, 85 P.3d at 847. Plaintiff's refiled petition contains allegations very similar to the *Fanning* allegations.

¶ 16 *Fanning* also supports the contention that the refiled petition's corporate veil allegations are not a completely new "cause of action," but merely plead a new legal theory based upon the same operative event—Nursing Home's alleged negligence—set forth in Plaintiff's first petition. *See Mann v. State Farm Mut. Auto. Ins. Co.*, 1983 OK 84, 669 P.2d 768; *see also* 1 W.M. Fletcher, *Fletcher Cyclopedia of the Law of Private Corporations* § 41, at 603 (perm. ed. rev. vol. 1990)("An attempt to pierce the corporate veil is not itself a cause of action but rather is a means of imposing liability on an underlying cause of action...."). The same rationale applies to Plaintiff's refiled petition's allegations for punitive damages: no new cause of action is pled, merely another theory of recovery based on the same set of events underlying the original petition.

¶ 17 We also find that the refiled petition was filed against substantially the same party as Plaintiff's first petition. Although Oklahoma appellate courts have not specifically addressed the issue presented here, they have recognized that shareholder liability for a corporation's judgment may be litigated—on a corporate veil or alter ego theory of recovery—after the statute of limitations on the underlying claim has expired. *See Green v. Oilwell, Div. Of U.S. Steel Corp.*, 1989 OK 7, 767 P.2d 1348; *Sproles v. Gulfcor, Inc.*, 1999 OK CIV APP 81, 987 P.2d 454.

¶ 18 Moreover, courts of other jurisdictions have recognized that an action against a corporation may toll the statute of limitations so as to permit the addition of shareholders as defendants to the original action after limitations on the original cause of action has expired. For example, in *Strawbridge v. Sugar Mountain Resort, Inc.*, 243 F.Supp.2d 472, 478–80 (W.D.N.C.2003), the court held that a plaintiff's refiled action that added a claim to pierce the defendant's corporate veil was derivative of his negligence claim and was protected by a North Carolina savings

statute similar to Oklahoma's. As such, the court held the refiled action against the corporate shareholders "relates back to the original filing date, making the current claim timely" against the defendants. *Id.* at 479. *See also Gentry v. Credit Plan Corp. of Houston,* 528 S.W.2d 571 (Tex.1975), where the Texas Supreme Court held that a defendant credit company was the alter ego of its parent company, and that the filing of a suit against the defendant credit company stopped the running of a two-year statute of limitations as against the parent, which was not joined as a defendant until more than two years after the alleged cause of action accrued.

¶ 19 We find the reasoning of the latter cases persuasive and their holdings generally consistent with Oklahoma law concerning piercing the corporate veil. We hold that the two-year statute of limitation applicable to Plaintiff's negligence and negligence per se causes of action was tolled by Plaintiff's 2007 petition against Nursing Home. We also hold that Plaintiff's refiled action against Nursing Home and its Shareholders asserts substantially the same cause of action against the same corporate defendant and individuals with an identity of interest with that defendant. The allegations of Plaintiff's refiled petition neither add a new or different cause of action or parties, nor are insufficient to state a claim.

## CONCLUSION

¶ 20 For all these reasons, the trial court's dismissal is hereby reversed, and this case is remanded for further proceedings.

¶ 21 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

GOODMAN, P.J., concurs, and RAPP, J., not participating.